RAJ V. ABHYANKER, California SBN 233,284
Email: raj@legalforcelaw.com
WENSHENG MA, California SBN 299,961
Email: vincent@legalforcelaw.com

**LEGALFORCE RAPC WORLDWIDE, P.C.**
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:     (650) 965-8731
Facsimile:      (650) 989-2131

Attorneys for Plaintiffs,
LegalForce RAPC Worldwide, P.C. and
LegalForce, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C. and<br>LEGALFORCE INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TRADEMARK ENGINE LLC;<br>TRAVIS CRABTREE,<br><br>Defendants. | Case No. 5:17-cv-07303-LHK<br><br>Judge: Honorable  Lucy H. Koh<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR DISCOVERY MISCONDUCT AND WITNESS TAMPERING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          August 16, 2018<br>Time:         1:30 P.M.<br>Dept.:         Courtroom 8<br>Judge:        Honorable Lucy H. Koh |

1

**NOTICE OF MOTION**

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE, that on August 16, 2018, at 1:30 P.M., or as soon thereafter

4

as the matter may be heard, in the United States District Court, Northern District of

5

California, San Jose Division, Courtroom 8, 4th Floor, before the Honorable Lucy H. Koh,

6

Plaintiffs LegalForce RAPC Worldwide, P.C. and LegalForce, Inc. will and hereby do move

7

the Court for an order to sanction defendant Mr. Travis Crabtree's discovery misconduct and

8

witness tampering under the Court's inherent power to sanction litigation misconduct.

9

Plaintiffs LegalForce RAPC Worldwide, P.C. and LegalForce, Inc. allege as follows

10

upon actual knowledge with respect to themselves and their own acts, and upon information

11

and belief as to all other matters against defendant and Texas licensed attorney Travis

12

Crabtree ("Crabtree"). Crabtree has interfered with THE cooperation by a Percipient Witness

13

identified by Plaintiffs through Initial Disclosures, causing the Percipient Witness to no longer

14

cooperate with the Plaintiffs and withdraw from an accepted offer for Employment.

15

16

**RELEVANT FACTS**

17

1.  On December 26, 2017, Plaintiffs filed their initial Complaint including against Travis

18

Crabtree and Trademark Engine LLC.

19

2.  On February 15, 2018, all counsel had their first part of their 26(f) Meet & Confer

20

conference.

21

3.  On March 1, 2018, a former employee of Trademark Engine LLC, a witness

22

"Percipient Witness" began interviewing with Plaintiffs  (*name withheld for confidentiality*).

23

4.  On March 6, 2018, all counsel had their final part of their 26(f) Meet & Confer

24

conference.

25

5.  On Thursday, March 8, 2018 at 11:06 P.M., the Plaintiffs provided Dayna Underhill,

26

counsel for Defendants with its "Initial Disclosures."

27

6.  One of the witnesses listed on these Initial Disclosures was the identity of a former

28

employee of Trademark Engine LLC, a witness "Percipient Witness."

7. On Sunday March 11, 2018, Plaintiffs provided defense counsel with their answers for the joint Case Management Statement (CMC) noting it is due on March 20, 2018.

8. On March 13, 2018, Plaintiffs served a Request For Production, Admissions, and Interrogatories, Set One To Defendants Trademark Engine LLC and Travis Crabtree.

9. On March 19, 2018, Plaintiffs filed their First Amended Complaint (FAC) against Travis Crabtree and Trademark Engine LLC, including alleging admissions of Percipient Witness including facts revealing why Plaintiffs allege Crabtree is an alter ego of Trademark Engine LLC.

10. Specifically, Percipient Witness admitted astounding facts including ***Crabtree never trained or required anyone at Trademark Engine LLC to review specimens of use for fraudulent specimens*** and:

    a. "I actually worked for Travis, because he's in the process of branching off and doing his own thing, I believe." "He didn't really work as much a[t] Gray Reed, he was kind of transitioning out."

    b. The non-lawyer assistant performed national searches. "[Crabtree] kind of let other people do the common law searches."

    c. The non-lawyer assistant "select[ed] the class that was close to or exactly" related to the goods and services offered by the customer.

    d. Crabtree normally answered any type of Office Actions from the USPTO.

    e. The non-lawyer assistant also answered a few Office Actions from the USPTO.

    f. Before the non-lawyer assistant submitted anything to the USPTO, "it had to go to [Crabtree] first."

11. On March 21, 2018 prior to 11:37 P.M. California Time, just two days after the Plaintiffs filed their FAC, Defendant Travis Crabtree contacted the Percipient Witness and caused her to question her "*loyalty, character and morals*" and causing her to believe that these traits "*were adversely affected*" by Percipient Witness providing voluntary evidence to the Plaintiffs with respect to their investigation of the causes of action alleged in the FAC.

12. Upon reason and belief, Percipient Witness is undergoing evaluation for character and fitness before a State Bar and has recently taken a State Bar exam.

13. Upon reason and belief, Crabtree threatened Percipient Witness in deliberate interference with Percipient Witness' cooperation with the Plaintiffs and delay Percipient Witness' admission as a registered attorney.

14. On March 21, 2018 at 11:37 P.M. California Time, Percipient Witness ceased assisting the Plaintiffs and withdrew from her accepted and signed Employment Contract with the Plaintiffs.

15. On March 21, 2018 at 1:11 P.M. California Time, Plaintiffs counsel informed Dayna Underhill and other defense counsel of the tampering by Crabtree of the Percipient Witness and interference with an executed contract with the Plaintiff by Crabtree.

16. On March 21, 2018 at 3:58 P.M. California Time, Allison Martin Rhodes, Co-Chair of the Legal Profession Team at Holland & Knight ("Rhodes") responded to the Plaintiff and requested more details so that they can consider Plaintiffs concerned or be "prepared for a productive meet and confer."

17. On March 21, 2018 at 6:19 P.M. California Time, Plaintiffs provided Allison Martin Rhodes and defense counsel with detailed facts as well as a copy of the Percipient Witness' fully executed contract with the Plaintiffs, in a communication marked "HIGHLY CONFIDENTIAL. ATTORNEYS EYES ONLY." consistently with the draft Protective Order the Plaintiffs have provided to defense counsel.   In this same communication, Plaintiffs provided defense counsel a 24 hour opportunity to cure prior to bringing Crabtree's conduct to the court.

18. On March 22, 2018 at 6:50 P.M. California Time, Rhodes responded to the Plaintiff and said " looking into your allegations and not prepared to confer further on this issue at this time."  Rhodes provided no definite date as to when she would be prepared to Meet & Confer on behalf of Crabtree.

19. Up and through the filing of this Grievance on March 26, 2018, Defense counsel has not agreed to Meet & Confer with the Plaintiffs.   Upon reason and belief, defense counsel has

1   no legitimate reason for Crabtree's highly prejudicial and threatening communications with

2   Percipient Witness.

3       20. For at least these reasons, the Plaintiffs request that the Court take judicial notice of

4   this misconduct by Crabtree at this time, and take any corrective action it deems necessary

5   and proper to preserve the tampering of Percipient Witness and other witnesses the Plaintiffs

6   have provided to defense counsel through their Initial Disclosures.

7       21. Plaintiffs are willing to share all communications with the Judge *in-camera* in an effort

8   to protect the identity of the Percipient Witness.

9

10                    **MEMORANDUM OF POINTS AND AUTHORITIES**

11      A district court has the inherent power to sanction for bad faith. *Evon v. Law Offices of*

12   *Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012). "Trying improperly to influence a

13   witness is fraud on the court and on the opposing party." *Ty Inc. v. Softbelly's, Inc.*, 517 F.3d

14   494, 498 (7th Cir. 2008). "Not only does witness tampering interfere with the judicial branch's

15   ability to function properly, it is a federal crime." *Ramsey v. Broy*, 2010 U.S. Dist. LEXIS

16   27768 at *12 (S.D. Ill. Mar. 24, 2010) (citing 18 U.S.C. § 1512(b)). Section 1512(b) defines

17   witness tampering as corruptly persuading (or attempting to persuade), or engaging in

18   misleading conduction toward another person, "with intent to cause or induce any  person to

19   … withhold a record, document, or other object, from an official proceeding." 18 U.S.C. §

20   1512(b)(2)(A).

21      Witness tampering "deserves that harshest sanction that the Court can deliver given the

22   seriousness of the matter and in order to protect the judicial process." *Ramsey*, 2010 U.S. Dist.

23   LEXIS 27768 at *14-15. The Court need not "measure the impact on the litigation of a

24   wrongdoer's willful misconduct before it issues a dismissal sanction." *Salmeron v. Enter.*

25   *Recovery Sys.*, Inc., 579 F.3d 787, 797 (7th Cir. 2009) (affirming dismissal of suit where

26   wrongdoer violated attorneys' eyes only agreement, among other misconduct).

27      For the facts stated above and as stated in the Declaration of Raj V. Abhyanker In

28   Support Of Plaintiffs' Motion For Sanctions For Discovery Misconduct And Witness

1  Tampering, Crabtree has acted in *bad faith* and attempted to sway a Percipient Witness
2  through threats, causing Percipient Witness to no longer cooperate with Plaintiffs and to
3  withdraw from an executed employment contract.

4       Upon reason and belief, Crabtree acted with intent to induce potential witnesses to
5  "withhold a record, document, or other object" from this litigation. 18 U.S.C. 1512(b). For the
6  reasons described here, Crabtree's conduct warrants any Corrective Action the Court deemed
7  by the Court as necessary and proper.

8

9  **CONCLUSION**

10       For the reasons stated above, the court should take any corrective action that it deems
11  necessary and proper to sanction this interference and prevent additional interference with
12  witnesses by Crabtree.

13

14       Respectfully submitted this Monday March 26, 2018.

15

16                    LEGALFORCE RAPC WORLDWIDE P.C.
17

18

19                    /s/ Raj V. Abhyanker_____
20                    Raj V. Abhyanker
                     California State Bar No. 233,284
21                    Attorney for Plaintiffs:
                     LegalForce RAPC Worldwide, P.C. and
22                    LegalForce, Inc.

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

3    I hereby certify that this document(s) filed through the ECF system will be sent electronically

4    to the registered participants as identified on the Notice of Electronic Filing (NEF).

5

6    Respectfully submitted this Monday March 26, 2018.

7

8    LEGALFORCE RAPC WORLDWIDE P.C.

9

10

11    /s/ Raj V. Abhyanker_____
      Raj V. Abhyanker

12    California State Bar No. 233,284
      Attorney for Plaintiffs:

13    LegalForce RAPC Worldwide, P.C. and
      LegalForce, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS
FOR DISCOVERY MISCONDUCT AND WITNESS TAMPERING; MPA ISO
CASE NO.: 5:17-CV-07303-LHK