HOLLAND & KNIGHT LLP
Allison D. Martin Rhodes (SBN 261496)
Dayna E. Underhill (*pro hac vice*)
Nicholas Melzer (SBN 246356)
Daniel P. Kappes (SBN 303454)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
T 213.896.2400 | F 213.896.2450
E-mail: allison.martinrhodes@hklaw.com
E-mail: dayna.underhill@hklaw.com
E-mail: nicholas.melzer@hklaw.com
E-mail: daniel.kappes@hklaw.com

Attorneys for Defendants
*Trademark Engine, LLC and Travis Crabtree*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.; LEGALFORCE INC., <br><br> Plaintiffs, <br><br> vs. <br><br> TRADEMARK ENGINE LLC.; TRAVIS CRABTREE; and DOES 1-50, INCLUSIVE, <br><br> Defendants. | Case No. 5:17-cv-7303-MMC <br><br> **REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY** <br><br> Hearing Date: May 18, 2018 <br> Time: 9:00 am <br> Courtroom: 7 <br> Before: Hon. Maxine M. Chesney |

## I. INTRODUCTION

Plaintiffs previously demanded that Defendants engage in immediate discovery despite the pendency of motions that will necessarily impact the forum for this dispute and whether the dispute can even proceed. The parties have yet to appear before this Court for an Initial CMC to determine a discovery schedule. On April 10, 2018, Defendants filed a Motion to Stay Discovery ("Motion to Stay"), (dkt. 64) arguing that discovery should be stayed until such time as the Court ruled on Defendants' Motion to Compel Arbitration, filed February 26, 2018 (dkt. 75, 26), and Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"), filed April 2, 2018 (dkt. 76, 53). On April 12, 2018, this Court "[found] it preferable to have the Motion to Stay heard on its presently scheduled date, and, in the interim, to stay discovery pending its resolution." Dkt. 72.

Plaintiffs failed to file any opposition brief to Defendants' Motion to Stay pursuant to Civil Local Rule 7-3(a), and have not demonstrated why this failure is a product of excusable neglect. Plaintiffs' failure to file an opposition or to file a statement of non-opposition should be deemed a waiver of any opposition to the granting of the motion.

Defendants accordingly request that this Court grant Defendants' Motion to Stay Discovery until such time as this Court resolves Defendants' pending Motion to Compel Arbitration and Motion to Dismiss Plaintiffs' FAC and directs that discovery proceed.

## II. LEGAL ARGUMENT

### A. Discovery Should be Stayed to Permit Determination on the Dispositive Motions

Good cause exists pursuant to Federal Civil Rule 26(c) and applicable case law to stay discovery in this matter until such time as this Court rules on Defendants' Motion to Compel Arbitration (dkt. 75, 26) and Motion to Dismiss Plaintiffs' FAC (dkt. 76, 53) and directs that discovery proceed. *See* Dkt. 64 at 6-9.[1] As previously articulated, discovery will be inappropriate in this forum if the case is sent to arbitration or unwarranted altogether if, as Defendants urge, Plaintiffs' claims are dismissed. Dkt. 64.

---

[1] The page numbers cited refer to the page numbers generated by ECF unless otherwise noted.

1

REPLY BRIEF ISO DEFENDANTS' MOTION TO STAY                                    Case No. 5:17-cv-7303-MMC

### B. Plaintiffs' Failure to Advance an Opposition to Defendants' Request for Stay Should Be Construed as a Waiver of Opposition to Stay Discovery.

Where, as here, a party fails to file an opposition addressing arguments raised in an opening motion, that party waives or concedes the argument in most circumstances. *See, e.g., Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." (quotation and citations omitted)); *see also Allen v. Dollar Tree Stores, Inc.*, 475 Fed.Appx. 159, 159 (9th Cir. 2012) (district court properly dismissed claims where plaintiff's "opposition to the motion to dismiss failed to respond to [the defendant's] argument").

Defendants move in good faith, in an effort to streamline the discovery process in the interest of judicial efficiency, and to prevent unnecessary and wasteful expenditure of time and money. This Court should grant Defendants' Motion to Stay and determine that Plaintiffs have waived any opposition to it.

### III. CONCLUSION

For the reasons stated herein, this Court should grant Defendants' Motion to Stay at Dkt. 64, and stay discovery in this matter until such time as this Court resolves Defendants' pending Motion to Compel Arbitration and Motion to Dismiss Plaintiffs' FAC.

Respectfully submitted,

DATED: May 1, 2018                    HOLLAND & KNIGHT LLP

                                      /s/ Dayna E. Underhill
                                      Dayna E. Underhill *pro hac vice*

                                      Attorneys for Defendants
                                      *Trademark Engine, LLC and Travis Crabtree*