IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TRADEMARK ENGINE LLC, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-07303-MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 60 |

Before the Court is defendants' Motion for Sanctions, initially filed April 4, 2018, and renoticed April 16, 2018. Plaintiffs have filed opposition,[1] to which defendants have replied. Having read and considered the parties' respective written submissions, the Court rules as follows.[2]

On March 26, 2018, plaintiffs filed a "Motion for Sanctions for Discovery Misconduct and Witness Tampering," which motion was withdrawn seven days later, before any opposition was due. By the instant motion, defendants argue the filing of plaintiffs' motion for sanctions is, in turn, sanctionable. Specifically, defendants seek, pursuant to 28 U.S.C. § 1927, an order directing plaintiffs and/or their counsel of record

---

[1] On April 24, 2018, plaintiff filed in the public record a redacted version of their opposition and sought leave to file under seal the unredacted version. By order filed May 9, 2018, the Court denied plaintiffs' request to file the unredacted version under seal and directed plaintiffs, if they wished the Court to consider the unredacted version, to file it in the public record no later than May 16, 2018. As plaintiffs did not do so, the Court has considered only the redacted version of the opposition.

[2] By order filed June 12, 2018, the Court took the matter under submission.

1  to reimburse defendants for attorney's fees and costs incurred to investigate the
2  "accusations" made in plaintiffs' motion.  (See Defs.' Mot. at 1:9-11.)
3       Section 1927 provides as follows:
4       Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in
5  any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees
6  reasonably incurred because of such conduct.
7  See 28 U.S.C. § 1927.
8       Unlike Rule 11 of the Federal Rules of Civil Procedure, under which sanctions for
9  filing frivolous documents "is measured by objective reasonableness," see Unigard
10 Security Ins. Co. v. Lakewood Engineering & Manufacturing Corp., 982 F.2d 363, 370
11 (9th Cir. 1992), "[s]anctions pursuant to section 1927 must be supported by a finding of
12 subjective bad faith," New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th
13 Cir.1989), a "requirement" that "sets a high threshold," see Primus Automotive Financial
14 Services, Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997).  "Bad faith is present when
15 an attorney knowingly or recklessly raises a frivolous argument."  Estate of Blas v.
16 Winkler, 792 F.2d 858, 860 (9th Cir. 1986).  As defined by the Ninth Circuit, "frivolous
17 means groundless with little prospect of success," such as where the position taken is
18 "foreclosed by binding precedent or so obviously wrong."  See United States v.
19 Braunstein, 281 F.3d 982, 995 (9th Cir. 2002) (internal quotation, citation and alteration
20 omitted).
21      Here, plaintiffs' motion for sanctions asserted that defendant Travis Crabtree
22 ("Crabtree"), an attorney practicing in the State of Texas, had engaged in "witness
23 tampering" with respect to "a Percipient Witness" (see Pls.' Mot. for Sanctions at 2:7-8,
24 2:12-13), who, the parties agree, is Jordan Franklin ("Franklin"), a recent law school
25 graduate.  In particular, plaintiffs argued, Crabtree had violated 18 U.S.C. § 1512(b),
26 which statute provides that a person who "knowingly uses intimidation, threatens, or
27 corruptly persuades another person, or attempts to do so, or engages in misleading
28 conduct toward another person, with intent to . . . cause or induce any person to . . .

2

withhold testimony, or withhold a record, document, or other object, from an official proceeding" is guilty of a crime. See 18 U.S.C. § 1512(b).

Franklin, who previously was a "non-lawyer" employee of defendant Trademark Engine, LLC ("Trademark Engine") (see Pls.' Mot. for Sanctions at 3:16) and presently is seeking admission to the State Bar of Texas, was interviewed by plaintiff LegalForce RAPC Worldwide, P.C. ("LegalForce RAPC") for a position as an employee, and, on March 20, 2018, accepted a position with said plaintiff as a law clerk (see Franklin Decl. ¶¶ 3, 4-6, 10, Ex. C; Pls.' Opp. Ex. F). On March 21, 2018, however, Franklin sent an email to LegalForce RAPC, stating she was withdrawing her acceptance of the job offer. According to plaintiffs, their assertion that Crabtree had engaged in sanctionable conduct is based on statements in Franklin's email, in which she set forth her reasons for withdrawing her acceptance, as follows:

> I was informed and aware of the pending litigation you all had against LegalZoom et al., however, after speaking with my mentor this morning I was made aware of the amended complaint against him and his company. I was willing to proceed with the opportunity until my loyalty, character and morals were adversely affected. Not only was I made aware of the amended lawsuit, I was informed of quotes used that were directly from me and obtained during the initial phone interview, even though my identity was kept secret.

(See Franklin Decl. Ex. D: Pls.' Opp. Ex. C.)[3]

In particular, each of the attorneys at LegalForce RAPC who had interviewed Franklin, namely, Raj Abhyanker ("Abhyanker"), Ryan Bethell ("Bethell"), and Heather A. Sapp ("Sapp"), has submitted a declaration stating he/she "understood" Franklin's "mentor" was Crabtree and "assumed" that "Crabtree was the person who questioned Franklin's loyalty, character and morals" (see Abhyanker Decl. ¶ 16; Bethell Decl. ¶ 15;[4] Sapp Decl. ¶ 9); Sapp further "assumed" that "Crabtree was implying that taking this

---

[3] "LegalZoom" is a defendant in one of a number of actions plaintiffs have filed against entities that provide trademark-related services.

[4] In opposition to defendants' motion for sanctions, plaintiffs have filed two declarations signed by Bethell. The above citation is to the declaration filed as Exhibit J to plaintiffs' opposition.

3

position with [LegalForce RAPC] might affect the type of character and fitness recommendations he would proffer to the State Bar of Texas" (see Sapp. Decl. ¶ 9).[5]

The issue before the Court is whether plaintiffs' filing of a motion for sanctions based on the above interpretation of Franklin's email was in bad faith. As set forth below, the Court finds defendants have failed to make a sufficient showing to support such a finding.

The LegalForce RAPC attorneys who reviewed the email were aware that Franklin, on the date she sent it, was no longer working for Trademark Engine, and, consequently, reasonably could have believed that Crabtree, "one of the owners and creators of Trademark Engine" (see Pls.' Opp. Ex. C), and who was the person for whom she worked (see Pls. Mot. for Sanctions at 3:13), contacted her and either described or showed her the amended complaint in which the statements she made in her job interview were included. Although the reference in Franklin's email to her "loyalty, character and morals" having been "adversely affected" (see Pls.' Opp. Ex. C), might be read to suggest that Crabtree had said or intimated to Franklin that any further involvement in plaintiffs' lawsuit would jeopardize her application for admission to the State Bar of Texas,[6] it could also be read as no more than a description of her personal discomfort and concerns. Nevertheless, LegalForce RAPC's attorneys' reliance on the former was not "groundless" or "so obviously wrong" as to be characterized as frivolous. See Braunstein, 281 F.3d at 995 (defining "frivolous").

Further, even if plaintiffs' motion could be characterized as frivolous, there remains the question of whether defendants have shown plaintiffs acted "knowingly or recklessly."

---

[5]To be admitted to the State Bar of Texas, an applicant must be of "good moral character." See Board of Law Examiners v. Stevens, 868 S.W. 2d 773, 776 (Tex. 1994) (quoting Rules Governing Admission to the Bar of Texas).

[6]Any such conduct on the part of Crabtree, whether or not constituting a violation of § 1512(b), was potentially sanctionable as contrary to the rules of professional responsibility. See, e.g., Tex. Disciplinary Rules Prof'l Conduct, Rules 3.04, 4.01, 4.03, 4.04.

See Estate of Blas, 792 F.2d at 860 (holding "the mere fact that an action is frivolous does not of itself establish bad faith"; further holding court may impose sanctions on party under § 1927 "only on a showing" such party "knowingly or recklessly raise[d] a frivolous argument") (internal quotation, citation and alterations omitted).

Here, although plaintiffs' interpretation of Franklin's email may have been incorrect[7] and the filing of a motion for sanctions based thereon ill-advised, there is an insufficient showing that plaintiffs acted at least recklessly, in other words, with a "conscious [or] deliberate . . . disregard" of "a substantial and unjustifiable risk of harm." See Black's Law Dictionary 1462 (10th ed. 2014) (defining "reckless"; explaining "[r]eckless conduct is much more than mere negligence"); see also, e.g., Delaney v. Baker, 20 Cal. 4th 23, 31-32 (1999) (holding recklessness "involves more than inadvertence, incompetence [or] unskillfulness") (internal quotation and citation omitted).

Accordingly, defendants' motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  June 14, 2018

MAXINE M. CHESNEY
United States District Judge

---

[7]In support of the instant motion, Franklin has submitted a declaration stating that, when she and Crabtree met on March 21, he told her he "would not take any offense" if she chose to work for LegalForce RAPC.  (See Franklin Decl. ¶¶ 15, 18.)