IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TRADEMARK ENGINE LLC, et al.,<br><br>Defendants. | Case No. 17-cv-07303-MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 26 |

Before the Court is defendants Trademark Engine, LLC ("Trademark Engine") and Travis Crabtree's ("Crabtree") "Motion to Compel Arbitration," initially filed February 26, 2018, and renoticed April 16, 2018. Plaintiffs LegalForce RAPC Worldwide, P.C. ("LegalForce RAPC") and LegalForce Inc. ("LegalForce") have filed opposition,[1] to which defendants have replied. Additionally, with leave of court, the parties have filed supplemental briefs. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

## BACKGROUND

In the operative complaint, the First Amended Complaint ("FAC"), plaintiffs allege that LegalForce RAPC is a law firm that "practices patent and trademark law before the USPTO [United States Patent and Trademark Office]" (see FAC ¶ 2), that LegalForce is a

---

[1] The opposition was also filed on behalf of Raj V. Abhyanker ("Abhyanker"), who, at that time, was a named plaintiff. Subsequently, plaintiffs filed a notice dismissing Abhyanker's claims. (See Notice, filed March 19, 2018.) Consequently, to the extent the motion seeks an order compelling Abhyanker to arbitrate his claims, the motion is moot.

[2] By order filed June 12, 2018, the Court took the matter under submission.

corporation "offering law firm automation and free trademark search services through its website Trademarkia.com" (see FAC ¶ 3), and that Trademark Engine, as "one of the largest filers of trademarks before the [USPTO]," is one of LegalForce RAPC's "competitors" (see FAC ¶¶ 13, 19).[3]  Plaintiffs' claims against defendants are based on defendants' allegedly having made "false and misleading advertising statements" about the nature of Trademark Engine's services.  (See FAC ¶ 24.)

**DISCUSSION**

Defendants seek, "pursuant to the Federal Arbitration Act ["FAA"], 9 U.S.C. §§ 1-16," an order compelling plaintiffs to arbitrate their claims.

The FAA provides as follows:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

See 9 U.S.C. § 3.

The district court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."  See Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000)  "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms."  Id.

With respect to the first of the above-referenced determinations, the party seeking to compel arbitration has the "burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence."  See Knutson v. Sirius XM Radio Inc., 771 F.3d 559, 565 (9th Cir. 2014).  In the instant case, defendants have offered evidence, undisputed by plaintiffs, that "Trademark Engine's website does not allow a user to

---

[3]Plaintiffs allege that defendant Crabtree, "a licensed Texas attorney," is "an alter ego of Trademark Engine."  (See FAC ¶ 5.)

purchase Trademark Engine's services without affirmatively agreeing to the Terms of Service" on the website (see Crabtree Decl. ¶ 3), and that the Terms of Service include a provision that "[a]ny Dispute shall be finally and exclusively resolved by binding individual arbitration conducted by the American Arbitration Association . . . under its Consumer Arbitration Rules" (see id. Ex. 1 at 6) (emphasis omitted). Consequently, there is no dispute that an agreement to arbitrate exists. There is a disagreement, however, as to whether the two plaintiffs are parties to such agreement or otherwise bound thereby.

In that regard, defendants rely on the following allegations contained in plaintiffs' initial complaint:

> 37. Plaintiffs requested the filing of a trademark application through the TrademarkEngine.com website. Email addresses of raj@legalforcelaw.com for customer Raj Abhyanker was used.
>
> 38. A real trademark related to [the] business of Plaintiffs was used for Everest Clay Realtors [sic] was applied for federal registration through the Trademark Engine website. . . . .
>
> 39. For the prospective trademark, Everest Clay Realtors, Trademark Engine provided legal advice to Plaintiffs by selecting classification and modifying the goods and service description from the template thereby applying specific law to facts. . . .

(See Compl. ¶¶ 37-39.)

Defendants contend the initial complaint's reference to "Plaintiffs," as quoted above, constitutes a "judicial admission" that Abhyanker acted as an agent for LegalForce RAPC and Legal Force, and, consequently, that such entities are parties to the Terms of Service and thus bound by its arbitration provision. (See Defs.' Reply at 3:22-27, 5:11-12.) In support thereof, defendants cite to Ronches v. Dickerson Employee Benefits, Inc., 2010 WL 11508128 (C.D. Cal. May 24, 2010), in which the district court found "an admission [in a complaint] that a plaintiff is a party to a contract containing an arbitration clause is binding on the party that makes it." See id. at *6-7.

The Ninth Circuit has held, however, that where "the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight." See Sicor Ltd. v. Cetus Corp., 51 F.3d

3

848, 859-60 (9th Cir. 1995). Here, in contrast to the plaintiffs in Ronches, who did "not address [the defendant's] contention that the allegations of the complaint constitute[d] a judicial admission," see Ronches, 2010 WL 11508128, at *7, plaintiffs have addressed the contention in their opposition and have endeavored to clarify that the above-quoted provisions in the initial complaint were meant to refer solely to Abhyanker. The Court, having considered the initial complaint as a whole and having considered the evidence submitted by the parties, finds plaintiffs' argument persuasive, specifically, that the above-quoted uses of the plural in the complaint were not intended to refer to any person or entity other than Abhyanker.

First, to the extent the initial complaint includes factual allegations pertaining to the identity of the user or users of Trademark Engine's services, those allegations, as plaintiffs point out, refer solely to Abhyanker, in particular, his inquiry regarding a trademark for a company called Everest Clay Realtors. (See Supp. Opp. at 3:10 - 4:10; see, e.g., Compl. ¶ 38 (alleging "Everest Clay Realtors is [a] trade name of a real estate brokerage and investment firm started by Plaintiff Raj Abhyanker"); ¶ 43.a.i. (alleging Trademark Engine employee "provided legal advice to the applicant Plaintiff Raj Abhyanker who was contemplating filing a trademark application for Everest Clay Realtors"); ¶ 43.a.iv. (alleging Trademark Engine "signed the USPTO form to proceed with the filing on behalf of Raj Abhyanker"); ¶ 113 (alleging Trademark Engine "collected more than $450 in legal service and government fees from Plaintiff Raj Abhyanker").)

Second, only "the owner of a trademark" may seek to register the mark, see 15 U.S.C. § 1051(a)(1), and plaintiffs have submitted a declaration by Abhyanker, who avers: "I first used the name Everest Clay Realtors associated with a real estate brokerage that I started in 2002." (See Abhyanker Decl. ¶ 6.) Abhyanker further avers: "I recently restarted my real estate brokerage as a sole proprietorship . . . ." (See id. ¶ 8.) Defendants have not argued or presented any evidence to the contrary. Likewise uncontested is plaintiffs' evidence that LegalForce RAPC and LegalForce "do not own any title, ownership, or beneficial interest, equitable or otherwise, in the Everest Clay

4

Realtors trademark."  (See id. ¶ 9.)

Third, although the initial complaint, when expressly referring to Abhyanker, generally uses the singular, the initial complaint also includes the following sentence, in which Abhyanker is referred to both as "Plaintiffs" and "Plaintiff":

> Trademark Engine unilaterally waive [sic] Plaintiffs Raj Abhyanker's right to privacy with respect to the Everest Clay Realtors by having non-attorney staff sign off rights while paying government fees by check box clicking off the following on the USPTO government fee form . . . including: (1) Waiving Plaintiffs Raj Abhyanker's right to cancel the filing or refund the government fee paid on their behalf; (2) Waiving right to confidentiality of name, phone number, e-mail address, and street address of Plaintiff Raj Abhyanker with respect to their trademarks; and (3) Representing to the federal government, without checking with Plaintiff Raj Abhyanker has [sic] the authority to grant, and is granting, the USPTO permission to make the information available in its on-line database and in copies of the application or registration record.

(See id. ¶ 43.a.iv.)

In light of all of the above, the Court finds the contract with Trademark Engine was entered by Abhyanker alone.

The Court next turns to defendants' alternative argument that LegalForce RAPC and LegalForce, even if not parties to the Terms of Service, nonetheless are equitably estopped from avoiding arbitration.  For the reasons set forth below, the Court finds such argument unpersuasive.

In particular, the cases on which defendants rely are distinguishable on their facts. In each of those cases, the court found the plaintiffs therein were estopped from avoiding arbitration for the reason that their lawsuits were for breach of contract and each such contract contained an arbitration provision.  See Langell v. Ideal Homes LLC, 2016 WL 8711704, at *5 (N.D. Cal. November 18, 2016) (finding plaintiffs suing for breach of warranty containing arbitration provision "estopped from avoiding arbitration"; noting plaintiffs "sought to take advantage of the terms of the warranty agreement"); Evergreen Media Holdings, LLC v. Stroock & Stroock & Lavan LLP, 2015 WL 12765630, at *4-5 (C.D. Cal. April 16, 2015) (finding plaintiffs bound by arbitration provision in agreement, where "[p]laintiffs [brought] suit expressly to enforce obligations formed under the

5

[agreement]"; citing <u>Halperin v. Raville</u>, 176 Cal. App. 3d 765, 772 (1986) (holding "no person can be permitted to adopt that part of an entire transaction which is beneficial to him/her, and then reject its burdens")).

Here, by contrast, neither LegalForce RAPC nor LegalForce has sought relief under the agreement between Abhyanker and Trademark Engine. Although the initial complaint did include claims for professional negligence and breach of fiduciary duty based on the manner in which Trademark Engine performed its contractual duties (<u>see</u> Compl. ¶¶ 113-118, 123-128), those two claims are not contained in the FAC and, in any event, were brought solely on behalf of Abhyanker (<u>see</u> Compl. ¶¶ 120, 130).

Accordingly, defendants having failed to show plaintiffs are parties to the Terms of Service or that they are estopped from avoiding arbitration, the motion will be denied.

## CONCLUSION

For the reasons stated above, defendants' Motion to Compel Arbitration is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 26, 2018

MAXINE M. CHESNEY
United States District Judge