1

2

3

4          IN THE UNITED STATES DISTRICT COURT

5         FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7  LEGALFORCE RAPC WORLDWIDE,            Case No. 17-cv-07303-MMC
   P.C., et al.,
8                                        **ORDER GRANTING DEFENDANTS'**
            Plaintiffs,                  **MOTION TO DISMISS FIRST**
9                                        **AMENDED COMPLAINT; DENYING AS**
       v.                                **MOOT DEFENDANTS' MOTION TO**
10                                       **DISMISS INITIAL COMPLAINT;**
   TRADEMARK ENGINE LLC, et al.,         **AFFORDING PLAINTIFFS LEAVE TO**
11                                       **AMEND**
            Defendants.
12                                       Re: Dkt. Nos. 27, 53

13

14        Before the Court is defendants Trademark Engine, LLC ("Trademark Engine") and

15  Travis Crabtree's ("Crabtree") "Motion to Dismiss Plaintiffs' First Amended Complaint,"

16  initially filed April 2, 2018, and renoticed April 16, 2018.[1]  Plaintiffs LegalForce RAPC

17  Worldwide, P.C. ("LegalForce RAPC") and LegalForce Inc. ("LegalForce") have filed

18  opposition, to which defendants have replied.  Having read and considered the papers

19  filed in support of and in opposition to the motion, the Court rules as follows.[2]

20                                **BACKGROUND**

21        In the operative complaint, the First Amended Complaint ("FAC"), plaintiffs allege

22  that LegalForce RAPC, a law firm, "practices patent and trademark law before the

23  USPTO [United States Patent and Trademark Office]" (see FAC ¶ 2), and that

24

25        [1]Defendants' motion, filed February 26, 2018, to dismiss plaintiffs' initial complaint
   is hereby DENIED as moot.  See Bullen v. De Bretteville, 239 F.2d 824, 833 (9th Cir.
26  1956), cert. denied, 353 U.S. 947 (1957) (holding "amended pleading supersedes the
   original, the latter being treated thereafter as non-existent).
27

28        [2]By order filed June 12, 2018, the Court took the matter under submission.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  LegalForce is a corporation "offering law firm automation and free trademark search

2  services through its website Trademarkia.com" (see FAC ¶ 3).

3    Plaintiffs allege that Trademark Engine, one of LegalForce RAPC's "competitors,"

4  operates a website known as "TrademarkEngine.com," which website is "one of the

5  largest filers of trademarks before the [USPTO]" (see FAC ¶¶ 7, 13, 19), and that

6  defendant Crabtree, "a licensed Texas attorney," is "an alter ego of Trademark Engine"

7  (see FAC ¶ 5).  According to plaintiffs, Trademark Engine has made "false and

8  misleading advertising statements" statements (see FAC ¶ 24), and has engaged in the

9  "unauthorized practice of law" (see FAC ¶ 29).

10    On March 19, 2018, plaintiffs filed their FAC, asserting therein three Claims for

11  Relief: (1) "False Advertising and Unfair Competition [under] the Lanham Act, 15 U.S.C.

12  § 1125(a)"; (2) "California Unfair Competition in Violation of Cal. Bus. & Prof. Code

13  § 17200 et seq."; and (3) "California False & Misleading Advertising in Violation of Cal.

14  Bus. & Prof. Code § 17500 et seq. and § 17600 et seq."

15    The instant motion followed.

16  **LEGAL STANDARD**

17    Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be

18  based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

19  under a cognizable legal theory."  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

20  699 (9th Cir. 1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of

21  the claim showing that the pleader is entitled to relief.'"  See Bell Atlantic Corp. v.

22  Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Consequently, "a

23  complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

24  allegations."  See id.  Nonetheless, "a plaintiff's obligation to provide the grounds of his

25  entitlement to relief requires more than labels and conclusions, and a formulaic recitation

26  of the elements of a cause of action will not do."  See id. (internal quotation, citation, and

27  alteration omitted).

28    In analyzing a motion to dismiss, a district court must accept as true all material

2

1   allegations in the complaint, and construe them in the light most favorable to the

2   nonmoving party.  See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  "To

3   survive a motion to dismiss, a complaint must contain sufficient factual material, accepted

4   as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S.

5   662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations must be

6   enough to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at 555.

7   Courts "are not bound to accept as true a legal conclusion couched as a factual

8   allegation."  See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

9                                                     **DISCUSSION**

10          Defendants argue that each of plaintiffs' claims is subject to dismissal.

11  **A.  Federal Claim**

12          The Lanham Act prohibits any "false or misleading description of fact, or false or

13  misleading representation of fact, which . . . in commercial advertising or promotion,

14  misrepresents the nature, characteristics, qualities, or geographic origin of his or her or

15  another's goods, services, or commercial activities."  See 15 U.S.C. § 1125(a)(1).

16          In the First Claim for Relief, plaintiffs allege that defendants, in violation of the

17  Lanham Act, have "made false and misleading descriptions and representations of fact."

18  (See FAC ¶ 53.)

19          **1.  Liability of Crabtree**

20          At the outset, defendants contend the FAC includes no facts to support a finding

21  that Crabtree engaged in the conduct on which the Lanham Act claim is based, i.e., that

22  he made or is otherwise responsible for the challenged statements.

23          A "corporate officer or director" can be held liable for a Lanham Act violation

24  committed by the corporate entity where the officer or director "authorize[d] or direct[ed]"

25  the violation, or otherwise "participate[d]" in the violation.  See Coastal Abstract Service,

26  Inc. v. First American Title Ins. Co., 173 F.3d 725, 734 (9th Cir. 1999).  Here, plaintiffs do

27  not allege Crabtree engaged in any such conduct, nor, in their opposition, do they assert

28  they could make such allegation.  Rather, plaintiffs seek to base their Lanham Act claim

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    against Crabtree on the theory that he is the alter ego of Trademark Engine.

2        Under California law,[3] there are "two general requirements" for establishing liability

3    under an alter ego theory; in that regard, the plaintiff must show:  (1) "there [is] such unity

4    of interest and ownership that the separate personalities of the corporation and the

5    individual no longer exist;" and, (2) "if the acts are treated as those of the corporation

6    alone, an inequitable result will follow."  See Mesler v. Bragg Mgmt. Co., 39 Cal.3d 290,

7    300 (1985) (internal quotation and citation omitted).

8        Here, although the FAC includes conclusory allegations that the two requirements

9    are met (see FAC ¶¶ 5, 9), plaintiffs fail to allege sufficient facts to support those

10   conclusions.  See Twombly, 550 U.S. at 555 (requiring more than "labels and

11   conclusions" to survive motion to dismiss).  The sole facts pleaded in the FAC that

12   address the nature of Crabtree's interest, ownership and/or control of Trademark Engine

13   are the following: (1) his name has been listed as "the contact person" or "correspondent"

14   on some trademark applications submitted to the USPTO on behalf of Trademark Engine

15   clients (see FAC ¶¶ 9, 13); (2) he has supervised at least some employees of Trademark

16   Engine (see FAC ¶¶ 10.A, 10.F); (3) he has "normally answered any type of Office

17   Actions from the USPTO" (see FAC ¶ 10.D); and (4) Crabtree has been "practicing law"

18   on behalf of Trademark Engine (see FAC ¶ 11).  Such facts, however, are insufficient as

19   a matter of law to support a finding of alter ego, even if the Court were to assume that

20   Crabtree is the sole owner of Trademark Engine, an allegation plaintiffs have not made.

21   See Katzir's Floor & Home Design, Inc. v. M–MLS.com, 394 F.3d 1143, 1149 (9th Cir.

22   2004) (holding "mere fact of sole ownership and control does not eviscerate the separate

23   corporate identity that is the foundation of corporate law"; observing, "[e]ven if the sole

24   shareholder is entitled to all of the corporation's profits, and dominated and controlled the

25   corporation, that fact is insufficient by itself to make the shareholder personally liable").

26   _____

27      [3]State law governs a district court's determination as to whether, for purposes of
     the Lanham Act, an individual and a corporation are alter egos.  See U-Haul Int'l, Inc. v.
28   Jartran, Inc., 793 F.2d 1034, 1043 (9th Cir. 1986).

**2. Challenged Statements/Acts**

The Court next considers whether, as to each challenged statement and act on which the Lanham Act claim is based, plaintiffs have sufficiently alleged a claim.[4]

**a.  "Let the Professionals File Your Trademark Today"**

Plaintiffs allege the following statement, contained in "[a]d copy," is "mislead[ing]": "Let the Professionals File Your Trademark Today."  (See FAC ¶¶ 14.a.)  According to plaintiffs, the statement "misleads consumers into believing that the services TrademarkEngine.com provides [are] professional or at least lawful" (see id.), but Trademark Engine "does not comply with the rules of technical or ethical standards for practice before the USPTO," such as when it allegedly "uses non-attorneys to sign off on privacy rights without [clients'] consent" (see FAC ¶ 17).

Defendants argue that plaintiffs, to the extent their claim is based on such statement, have failed to comply with Rule 9(b).  In response, plaintiffs contend Rule 9(b) does not apply.  Where a claim "sound[s] in fraud," however, even where fraud is not a "necessary element" of the subject cause of action, the plaintiff must comply with Rule 9(b).  See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  Here, plaintiffs repeatedly allege that Trademark Engine's advertisements are deceptive, for example, that Trademark Engine's "false and misleading advertisements deceive consumers into purchasing inferior services."  (See FAC ¶ 41; see also FAC ¶ 29 (alleging Trademark Engine "deceiv[es] clients about what its services really are" and that its clients "are often harmed as a result"); FAC at 2:15 ("TrademarkEngine.com's advertisements deceive consumers"); FAC ¶ 21 (alleging "TrademarkEngine.com's trademark landing page is particularly deceptive"); FAC ¶ 23 (alleging "consumers are deceived" by

---

[4]In the First Claim for Relief, wherein plaintiffs set forth the basis for their Lanham Act claim, plaintiffs do not identify each statement and act they are challenging; rather, plaintiffs "incorporate by reference" all allegations made earlier in the FAC.  (See FAC ¶ 51.)  In their motion, defendants identify the statements and acts on which they believe plaintiffs are basing the First Claim for Relief, and plaintiffs, in their opposition, do not dispute defendants' interpretation.

United States District Court
Northern District of California

"TrademarkEngine.com's advertising").)[5]  Given such allegations, plaintiffs' false

advertising claims are subject to Rule 9(b).  See Kearns, 567 F.3d at 1125; see also, e.g.,

Mahfood v. QVC, Inc., 2007 WL 9363986, at *3-4 (C.D. Cal. February 7, 2007) (finding

allegation that defendant engaged in "deceptive advertisements" by "making, in one form

or another, certain misleading and/or deceptive representations regarding [its products]"

was "certainly grounded in fraud").

Plaintiffs do not contend they have complied with Rule 9(b), and they plainly have

not, as plaintiffs fail to identify the nature of the "ad copy" in which the statement is

assertedly found, and fail to state when such advertisement was broadcast or otherwise

made available to the public.  See Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1106

(9th Cir. 2003) (holding "[a]verments of fraud must be accompanied by 'the who, what,

when, where, and how' of the misconduct charged").  Moreover, to the extent plaintiffs

may be asserting the challenged statement is located somewhere on the website

operated by Trademark Engine, plaintiffs fail to allege where on the website it can be

located, and, particularly, where it is located in relation to statements disclaiming that

Trademark Engine provides legal services.  (See FAC ¶ 22 (alleging Trademark Engine's

website states that Trademark Engine "is not a law firm," that it "is not a 'substitute for an

attorney or law firm'," and that it "cannot 'review [a client's] answers for legal sufficiency,

draw legal conclusions, provide legal advice, opinions or recommendations about [a

client's] legal rights, remedies, defenses, options, selection of forms, or strategies, or

apply the law to the facts of [a client's] particular situation").)

Defendants also argue that plaintiffs' allegation that the challenged statement

"give[s] consumers the impression that [Trademark Engine] provides legal advice" (see

FAC ¶ 14) is insufficient to support a finding that the statement is actionable.  The Court

agrees.  Where, as here, a plaintiff does not allege a statement is "literally false," the

---

[5]In addition, although pleaded in support of the Second Claim for Relief, plaintiffs
expressly characterize Trademark Engine's "false and misleading statements" as
"fraudulent."  (See FAC ¶¶ 68.e-f.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1  plaintiff must establish the statement "has misled, confused, or deceived the consuming

2  public."  See Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1140 (9th Cir.

3  1997).  Stated otherwise, "where the advertisements are not literally false," the plaintiff

4  "cannot obtain relief by arguing how consumers could react; [the plaintiff] must show how

5  consumers actually do react."  See Sandoz Pharmaceuticals Corp. v. Richardson-Vicks,

6  Inc., 902 F.2d 222, 228-29 (3rd Cir. 1990) (emphasis omitted).  Plaintiffs fail, however, to

7  allege any facts to support their conclusory assertion that the challenged statement has

8  actually "give[n] consumers" the misleading impression that Trademark Engine provides

9  legal advice.

10       Accordingly, to the extent the Lanham Act claim is based on "Let the Professionals

11  File Your Trademark Today," the claim is subject to dismissal.

12             **b.  "'Have a Look Around!' because 'professionals' 'help you every step of the way'"**

13       Plaintiffs allege that the following "statement," as described by plaintiffs, is found

14  on Trademark Engine's website and is "misleading":  "'Have a look around!' because

15  'professionals' 'help you every step of the way'."  (See FAC ¶ 21.)  According to plaintiffs,

16  the statement is "misleading because average customers do not understand the

17  difference between a lawyer practicing law through a law firm and through an LLC -- the

18  former [being] legal but the latter [being] illegal."  (See id.)[6]

19       Defendants argue that, to the extent the Lanham Act claim is based on such

20  statement, it is subject to dismissal for the same reasons that the claim, to the extent

21  based on "Let the Professionals File Your Trademark Today," is subject to dismissal.

22  The Court agrees.

23       First, plaintiffs have failed to comply with Rule 9(b), as they do not identify with the

24  requisite particularity the allegedly actionable statement.  Rather, it appears plaintiffs

25  have taken one statement, specifically, "Have a look around!," and added to it portions of

27       [6]Plaintiffs cite no authority for the proposition that an attorney may not practice law through an LLC.

7

1    one or two other statements, specifically, the word "professionals" and the phrase "help

2    you every step of the way," and are treating them as one statement that would convey a

3    particular meaning to a consumer when read together.  Plaintiffs fail, however, to explain

4    how such statements appear on the Trademark Engine website, and, thus, fail to support

5    a finding that consumers would read those particular words together.

6           Second, as noted, given plaintiffs do not allege the challenged statement is literally

7    false, they must show the statement "has misled, confused, or deceived the consuming

8    public."  See Southland Sod Farms, 108 F.3d at 1140.  Plaintiffs fail, however, to allege

9    any facts to support a finding that consumers who have read the challenged "statement"

10   have understood it as an assertion that Trademark Engine practices law in a unlawful

11   manner.

12          Accordingly, to the extent the Lanham Act claim is based on "'Have a look

13   around!' because 'professionals' 'help you every step of the way'," the claim is subject to

14   dismissal.

15                        **c.  Use of Keywords**

16          Plaintiffs allege that Trademark Engine is "among the largest purchasers of online

17   advertising (including Google and Bing) for trademark filing-related search terms/

18   keywords" (see FAC ¶ 19), and that it "purchases advertisements whenever consumers

19   search terms related to the practice of trademark filing, including 'trademark search' and

20   'trademark registration[,]' with copy that misleads consumers into believing that they will

21   be represented by professionals or at least will provide the services by lawful means"

22   (see FAC ¶ 20).  Plaintiffs also allege that Trademark Engine also "makes false

23   comparisons directly by purchasing keywords that include [p]laintiff LegalForce's

24   'Trademarkia' term, the website through which [LegalForce RAPC] perform[s] only

25   attorney-led U.S. trademark preparation and prosecution services[,] by falsely comparing

26   it with non-attorney unauthorized practice of law services of defendants."  (See id.)

27          Defendants argue plaintiffs have not complied with Rule 9(b).  Again, plaintiffs do

28   not argue they have so complied, but, rather, contend Rule 9(b) does not apply, which

<div align="center">United States District Court<br>Northern District of California</div>

8

United States District Court
Northern District of California

1  argument, the Court, for the reasons stated above, finds unpersuasive.  Further, plaintiffs

2  have not complied with Rule 9(b), as they have not identified the "copy" in the Google or

3  Bing "advertisements" that "misleads consumers" (see id.) and have not stated when

4  such advertisements were published, nor have they identified the content of any

5  statement that "falsely compar[es]" LegalForce RAPC's services with those of Trademark

6  Engine (see id.), or stated where and when any such comparison was made.

7  Further, to the extent the claim is based on a theory that consumers who, after

8  performing an internet search using "Trademarkia," ended up viewing Trademark

9  Engine's website, such a claim, to be cognizable under the Lanham Act, would require a

10  showing that Trademark Engine's website was "likely to mislead consumers" into

11  believing Trademark Engine was affiliated with plaintiffs.  See TrafficSchool.com, Inc. v.

12  Edriver, Inc., 653 F.3d 820, 827-29 (9th Cir. 2011) (affirming judgment finding defendant

13  violated Lanham Act, where defendant's website, "DMV.org," was designed in manner

14  "likely to mislead consumers into thinking [defendant] was affiliated with a government

15  agency").  Here, however, plaintiffs fail to allege any facts to support a finding that such

16  consumers would be likely to believe they were viewing a website affiliated with Legal

17  Force.

18  Accordingly, to the extent the Lanham Act claim is based on the use of keywords,

19  the claim is subject to dismissal.

20  **B.  State Law Claims**

21  **1.  Claims Based on False Advertising**

22  Plaintiffs' Second Claim for Relief, titled "California Unfair Competition in Violation

23  of Cal. Bus. & Prof. Code § 17200 et seq.," is based in part on the same conduct as that

24  on which plaintiffs base their Lanham Act claim.  (See FAC ¶¶ 61, 65.b, 65.i, 66, 67,

25  68.e(1).)  To the extent so based, plaintiffs' § 17200 claim is subject to dismissal for the

26  reasons stated above with respect to their Lanham Act claim.  See Cleary v. News Corp.,

27  30 F.3d 1255, 1262-63 (9th Cir. 1994) (holding, where Lanham Act claim properly

28  dismissed, § 17200 claim based on same factual allegations likewise subject to

1    dismissal).

2         Plaintiffs' Third Claim for Relief, titled "California False & Misleading Advertising in

3    Violation of Cal. Bus. Code § 17500 et seq. and § 17600 et seq.," is based on the same

4    conduct as that on which plaintiffs base their Lanham Act claim (see FAC ¶¶ 72-75), and,

5    consequently, is subject to dismissal for the reasons stated above with respect to their

6    Lanham Act claim.  See Appliance Recycling Centers of America, Inc. v. JACO

7    Environmental, Inc., 378 Fed. Appx. 652, 656 (9th Cir. 2010) (holding, where judgment

8    properly granted in favor of defendant on Lanham Act false advertising claim, judgment in

9    favor of defendant on § 17500 claim likewise proper).

10        **2. Claims Not Based on False Advertising**

11        In the Second Claim for Relief, plaintiffs include claims alleging defendants have

12   violated § 17200 by "engaging in the unlawful practice of law" (see FAC ¶¶ 64, 65.h,

13   68.b), by "waiving" the "privacy rights" of their clients (see FAC ¶¶ 65.f, 68.e(3)), and by

14   submitting to the USPTO "fraudulent specimens" that "include fraudulent proofs of use"

15   (see FAC ¶¶ 65.c-d, 68.e(2)).[7]

16        To the extent the Second Claim for Relief is based on such alleged conduct, the

17   Court, given the dismissal of plaintiffs' federal claims and the early stage of the

18   proceedings, declines to exercise supplemental jurisdiction.[8]  See 28 U.S.C.

19   § 1367(c)(3) (providing, where district court has dismissed claims over which it has

20   original jurisdiction, it may decline to exercise supplemental jurisdiction over remaining

21   claims).

22        Accordingly, such claims, as included in the Second Claim for Relief, will be

23   dismissed pursuant to § 1367(c)(3), without prejudice to refiling in state court, or, if

24

25        [7]The Court understands the word "specimen" to refer to the "mark as used on or in
26   connection with the goods or services" that is submitted for registration to the USPTO.
     See 37 C.F.R. § 2.56(a).

27        [8]Plaintiffs allege the Court's jurisdiction over plaintiffs' state law claims is
28   supplemental in nature.  (See FAC ¶ 6.)

1 plaintiffs elect to amend their federal claims, without prejudice to refiling in this action.

2 <center>**CONCLUSION**</center>

3 For the reasons stated above, defendants' Motion to Dismiss Plaintiffs' First

4 Amended Complaint is hereby GRANTED and the First Amended Complaint is

5 DISMISSED in its entirety.  Plaintiffs are hereby afforded leave to amend for purposes of

6 curing the deficiencies identified above.[9]  Any such Second Amended Complaint shall be

7 filed no later than August 10, 2018, and plaintiffs may not add therein any new

8 defendants or any new claims, without first obtaining leave of court.  See Fed. R. Civ. P.

9 15(a)(2).

10 **IT IS SO ORDERED.**

11

12 Dated: July 19, 2018

13 MAXINE M. CHESNEY
United States District Judge

---

[9]If plaintiffs file a Second Amended Complaint, they also may amend the portions of the Second Claim for Relief that have been dismissed pursuant to § 1367(c).