HOLLAND & KNIGHT LLP
Allison D. Martin Rhodes (SBN 261496)
Dayna E. Underhill (*pro hac vice*)
Nicholas B. Melzer (SBN 246536)
Daniel P. Kappes (SBN 303454)
Jessica M. Brown (SBN 295293)
50 California Street, 28th Floor
San Francisco, CA 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
E-mail: allison.martinrhodes@hklaw.com
E-mail: dayna.underhill@hklaw.com
E-mail: nicholas.melzer@hklaw.com
E-mail: daniel.kappes@hklaw.com
E-mail: jessica.brown@hklaw.com

Attorneys for Defendant
*Trademark Engine, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C., <br><br> Plaintiff, <br><br> vs. <br><br> TRADEMARK ENGINE LLC, <br><br> Defendant. | Case No. 3:17-cv-7303-MMC <br><br> **DEFENDANT TRADEMARK ENGINE LLC'S MOTION FOR A PROTECTIVE ORDER PROHIBITING PLAINTIFF OR ITS ATTORNEYS FROM RECORDING TELEPHONE CALLS BETWEEN COUNSEL** <br><br> Hearing Date: January 11, 2019 <br> Hearing Time: 9:00 a.m. <br> Courtroom: 7 <br> Before: Hon. Maxine M. Chesney |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 11, 2019 at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 7 of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave, San Francisco, California, Trademark Engine, LLC ("Defendant") will, and hereby does, move for a protective order barring Plaintiff or its attorneys from recording telephone calls between counsel. Defendant also requests fees and costs incurred with bringing this Motion. This Motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the pleadings and papers on file in this matter; and such other matters as may be presented to the Court at the hearing.

## STATEMENT OF RELIEF SOUGHT

Defendant seeks a protective order barring Plaintiff LegalForce RAPC and its attorneys from recording telephone calls between the parties' counsel. Defendant also requests an order requiring Plaintiff to produce any prior recordings of counsel and requests fees and costs incurred with bringing this Motion.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 | Fax: 213.896.2450

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The parties are at a stalemate.  Plaintiff and/or Plaintiff's counsel, Raj Abhyanker,[1] will not disclose whether they have recorded conversations with Defendant's counsel, insists that they have the unqualified right to record Defendant's counsel at will and without Defendant's counsel's consent, and argue that past recordings between counsel, if they exist, constitute attorney work product.  Defendant disagrees and seeks the Court's assistance in remedying what has become an untenable situation.

The law is settled.  It is unethical for an attorney to surreptitiously record another party without their consent, as doing so "does not comport with the high standards of candor and fairness by which all attorneys are bound."  *Nissan Motor Co., Ltd. v. Nissan Computer Corp.*, 180 F.Supp.2d 1089, 1097 (C.D. Cal. 2002).  In some instances, Mr. Abhyanker's recording of phone calls may also be illegal.  *See* Cal. Pen. Code § 632(a).  Nevertheless, Mr. Abhyanker has and/or intends to record telephone calls with opposing counsel.  Moreover, despite repeated inquiries, Mr. Abhyanker will not reveal whether he has, or has not, surreptitiously recorded conversations between counsel to date against their will.  Plaintiff's conduct is impermissible and must stop.

Therefore, Defendant respectfully requests that the Court issue an order barring Plaintiff and its attorneys from recording any telephone calls between counsel and to produce any recordings of prior telephone calls between the parties.

## II.  BACKGROUND

On November 15, 2018, Defendant's counsel emailed Mr. Abhyanker to arrange the parties' Rule 26(f) meet and confer call as required by this Court.  Given that Mr. Abhyanker had admitted in the past to recording telephone calls on this conference line without the other party's consent (*see* Dkt. 60-2 at 4-5, 12 (Decl. of Jordan Franklin, paras. 5, 2, Exh. B; Dkt. 48-1 at 2 (Decl. of Raj Abhyanker, para. 7)), Defendant's counsel requested that Defendant's counsel's conference line be

---

[1] It is not entirely clear whether Mr. Abhyanker is threating to record conversations in his role as counsel to Plaintiff or in his role as Founder, CEO, or Principal of Plaintiff LegalForce RAPC (his law firm).  As such, the terms "Mr. Abhyanker," "Plaintiff" and "Plaintiff's counsel" are used interchangeably throughout.

-1-
DEFENDANT'S MOTION FOR A PROTECTIVE ORDER RE: PHONE RECORDING
Case No. 3:17-cv-7303-MMC

used.  (*See* Declaration of Nicholas B. Melzer ("Melzer Decl."), filed concurrently herewith, Exhibit A.)  Specifically, Defendant's counsel wrote:

- "For our call tomorrow, given that you have admitted in the past that this conference line is recorded, you'll forgive me if we insist on using our conference bridge instead."

Mr. Abhyanker replied:

- "We would like the call recorded tomorrow.   Please note: Arizona is a one party recording state."

Defendant's counsel replied:

- "Have you or your colleagues recorded any calls with us in the past?"

Mr. Abhyanker replied:

- "It is our policy to record calls whenever we think something may result in better note taking and prevent an imperfect memory as and when law permits.  These audio notes, if they exist, would be attorney work product.  Therefore, we have no obligation to reveal anything about them to you, whether they exist or not, whether they were created or not.   We intend to do the same tomorrow."

Defendant's counsel replied:

- "We do not consent to have this or any other call between counsel in this case recorded.  As you insist on recording the call tomorrow (and apparently future calls as well, per your "policy"), [we] will have no choice but to cease any further telephonic communication with you.  We can explain to the court in our Rule 26(f) report and CMC statement why [we] were unable to meet and confer telephonically, as the Rules require."

Mr. Abhyanker replied:

- "I'm not sure why you insist on not recording, especially in light of the repeated mischaracterizations of previous calls by [Defendant's counsel].  To us, given that history, it seems necessary.  Moreover, given Arizona and Texas (along with federal law) only requires one party notice, this is not your decision to make. . . .  Despite

-2-

DEFENDANT'S MOTION FOR A PROTECTIVE ORDER RE: PHONE RECORDING
Case No. 3:17-cv-7303-MMC

your explanation above, we can refrain from audio recording tomorrow's 26(f) call. All future rights reserved."

That Rule 26(f) conference proceeded with Mr. Abhyanker's assurances that he would not record the call. Then, on November 29, 2018, Defendant's counsel emailed Mr. Abhyanker to request a meet and confer regarding a deposition subpoena issued to current Trademark Engine Employee Jordan Franklin. (Melzer Decl., Ex. B.)

At the end of his email, Defendant's counsel wrote:

- "Please confirm that you will not be recording this call."

Mr. Abhyanker replied:

- "We would like to record the call. Any specific reason why you object to that in this case?"

Defendant's counsel replied:

- "We do not consent to recording of this or any other call. Your insistence on recording our calls leaves us no choice but to seek an order from the court preventing you from doing so. With respect to Ms. Franklin's subpoena, we are ready and willing to meet and confer by email, which appears to be our only choice given your insistence on recording meet and confer calls. Are you refusing to meet and confer by email?"

Mr. Abhyanker replied:

- "We can meet & confer by email."

Consequently, on November 30, 2018, Defendant's counsel proceeded to explain by email Defendant's position on Ms. Franklin's subpoena. In a later email that day, the issue of telephone recording again came up when Defendant's counsel pressed Mr. Abhyanker on why Plaintiff would not agree to this District's Model ESI Stipulation. (Melzer Decl., Ex. C.) Mr. Abhyanker informed Defendant's counsel to "call" his co-counsel, Mr. Vincent Ma.

Defendant's counsel replied:

- "You've made it clear that you will not meet and confer by telephone with us if we do not consent to being recorded. Given that position, we cannot meet and confer by

-3-
DEFENDANT'S MOTION FOR A PROTECTIVE ORDER RE: PHONE RECORDING
Case No. 3:17-cv-7303-MMC

   telephone until the court orders you not to record calls between counsel.  Vincent, I am happy to continue this discussion over email."

Mr. Abhyanker replied:

- "What relevant legal authority do you have that shows that a federal judge can compel me to not audio record?  If you have such law, please send it over so that we can review.  Otherwise, your request is not accepted given that federal law is a one party recording law, and given that there will be individuals from different states on the call.  The need to record calls is manifested because of the rude, aggressive tone that [Defendant's counsel] have taken with me since early in this litigation.  They have been disrespectful and rude, repeatedly cutting me off, talking down to me, threatening me with sanctions, and being otherwise uncivil.  I do not want to subject myself or anyone else at our firm with that level of discord, and an audio evidence trail helps us establish the conduct that has transpired."

In light of (i) Mr. Abhyanker's insistence on recording meet and confer calls ("[i]t is our policy to record calls"), (ii) his insistence that he may do so without Defendant's counsel's consent and over their objection ("given Arizona and Texas (along with federal law) only requires one party notice, this is not your decision to make"), and (iii) his refusal to confirm whether or not prior calls between counsel have been recorded ("we have no obligation to reveal anything about them to you, whether they exist or not, whether they were created or not"), Defendant now brings this motion seeking the Court's assistance in remedying this untenable situation in which counsel can no longer meet and confer telephonically.

## III. ARGUMENT

  In light of the exchanges outlined above and attested to in the attached declaration, Defendant requests that the Court enter a protective order against Plaintiff and Plaintiff's attorneys preventing them from recording calls between counsel and ordering them to disclose whether any previous calls have been recorded without Defendant's counsel's consent (and if so, produce any such recordings).  This situation is untenable and Plaintiff's lack of familiarity with the applicable law does not excuse his or his law firm's persistent unethical (and potentially illegal) behavior.

-4-

DEFENDANT'S MOTION FOR A PROTECTIVE ORDER RE: PHONE RECORDING
Case No. 3:17-cv-7303-MMC

It is established in this District that any "meet and confer" between counsel must be done over telephone or in person. *See* N.D. Cal. L. R. 1-5(n) ("Meet and confer. 'Meet and confer' or 'confer' means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order . . . The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to 'meet and confer' or to 'confer.' Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation."). Plaintiff's actions have placed the parties out of compliance with this Court's rules. Given Plaintiff's counsel's unwillingness to assure Defendant's counsel that he or his firm will not, or have not in the past, record phone calls between counsel, Defendant requests that this Court intervene to address a situation that seriously impedes relations between counsel and exerts a chilling effect on the normal flow of communication between opposing parties.

A court of this Circuit addressed an identical issue in *Nissan Motor Co. v. Nissan Computer Corp.*, 180 F. Supp. 2d 1089 (C.D. Cal. 2002) ("*Nissan*"). In *Nissan*, counsel sought an order prohibiting opposing counsel from recording the parties' telephone conversations based on threats of recordation and allegations of misrepresentation. In granting a protective order, the Central District court held "it is inappropriate for counsel in civil litigation to threaten to record conversations with opposing counsel." *Id*. at 1093. The *Nissan* court explained "it is inherently unethical for an attorney to record a conversation with another attorney regarding the routine progression of litigation without the other party's knowledge or consent." *Id*. at 1097. Moreover, "[t]his behavior raises suspicions, injures public confidence in the legal profession (and thereby the legal system), seriously impedes relations between counsel, and exerts a chilling effect on the normal flow of communication between opposing parties. Simply put, such tactics are not becoming of an officer of the court." *Id*. In sum, recording phone calls as Mr. Abhyanker insists on doing is wholly unprofessional. Here, Plaintiff's counsel seeks to do exactly what the *Nissan* court held was impermissible and the Court can, and should, grant Defendant protection from such conduct.

-5-

DEFENDANT'S MOTION FOR A PROTECTIVE ORDER RE: PHONE RECORDING
Case No. 3:17-cv-7303-MMC

Moreover, Plaintiff's counsel's conduct may be illegal, depending on the location of the parties to any phone call that may have been surreptitiously recorded. California Penal Code § 632(a) provides that, "[a] person who, intentionally and without the consent of all parties to a confidential communication, uses . . . [a] recording device to . . . record the confidential communication" violates the Penal Code, an action that is punishable as a crime. The California Supreme Court has held that § 632 applied regardless of whether one party is outside of California at the time of recording. *See Kearney v. Salomon Smith Barney, Inc*., 39 Cal. 4th 95, 119 (2006) (Penal Code § 632 "was intended to apply when one party to a telephone call is in California and another party is outside California.").[2] And, the *Nissan* court ruled that during "conversations between counsel involv[ing] litigation-related matters such as discovery disputes, scheduling issues, and court-mandated meet and confers," counsel have an "objectively reasonable expectation [of confidentiality]" and, as a result, "conversations between counsel in civil litigation are confidential communications within the meaning of [California Penal Code] § 632." *Id*.

Here, Mr. Abhyanker is based in California and some of Defendants' counsel are located in California[3] (and have been in California when speaking with Mr. Abhyanker on the phone). (Melzer Decl. ¶¶ 5-6.) Defendant's counsel has not consented to recording of any calls between counsel, has explicitly stated that they do not consent to the recording of any calls in this case, and are unaware of whether calls between the parties have been recorded. (Melzer Decl. ¶ 7.) If Mr. Abyanker has recorded any calls between counsel in this case or has caused any such calls to be recorded in which California-based defense counsel was present, he has violated California Penal Code § 632.

Lastly, Mr. Abhyanker seems to be under the false impression that a federal judge cannot order him to cease his unethical, unprofessional, and potentially illegal conduct. (*See* Melzer Decl.,

---

[2] The Court also rejected argument that federal law applied: "[T]here is no basis for concluding that application of California law is preempted by federal law." *Id*. at 921.

[3] Defense counsel Daniel Kappes is a California resident. Defense counsel Nicholas Melzer is a Partner in Holland & Knight's Los Angeles and Denver Offices. Defense counsel Allison Rhodes is a Partner in Holland & Knight's Los Angeles and Portland Offices. Though Ms. Rhodes and Mr. Melzer reside out of state, they are admitted in California and regularly conduct business out of Holland & Knight's California offices. Mr. Kappes works exclusively out of Holland & Knight's San Francisco office.

Ex. A ("What relevant legal authority do you have that shows that a federal judge can compel me to not audio record?").)  But, this Court has the inherent authority to control the conduct of litigation before it and the actions of those admitted to practice in this District.  *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." (internal citations omitted)); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) (a federal court's inherent authority allows it to impose attorney's fees as a sanction for bad-faith conduct).  It should take the opportunity to exercise that authority here and prevent any further behavior of this type from occurring.

## IV.     CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court bar Plaintiff and its attorneys from recording telephone calls between the parties.  The Court should also require Plaintiff and its counsel to disclose whether they have, or have not, previously recorded calls between the parties, and, if so, require the production of those recordings.  Defendant's also respectfully request the fees and costs incurred in bringing this Motion.

Dated:  December 3, 2018                         Respectfully submitted,

                                                                       HOLLAND & KNIGHT LLP


                                                                       /s/  Nicholas Melzer
                                                                       Nicholas Melzer

                                                                       Attorney for Defendant
                                                                       *Trademark Engine, LLC*