HOLLAND & KNIGHT LLP
Allison D. Martin Rhodes (SBN 261496)
Dayna E. Underhill (*pro hac vice*)
Nicholas B. Melzer (SBN 246536)
Daniel P. Kappes (SBN 303454)
Jessica M. Brown (SBN 295293)
50 California Street, 28th Floor
San Francisco, CA 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
E-mail: allison.martinrhodes@hklaw.com
E-mail: dayna.underhill@hklaw.com
E-mail: nicholas.melzer@hklaw.com
E-mail: daniel.kappes@hklaw.com
E-mail: jessica.brown@hklaw.com

Attorneys for Defendant
*Trademark Engine, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.,<br><br>Plaintiff,<br><br>vs.<br><br>TRADEMARK ENGINE LLC,<br><br>Defendant. | Case No. 3:17-cv-7303-MMC<br><br>**DEFENDANT TRADEMARK ENGINE LLC'S MOTION TO STRIKE NOTICE OF VOLUNTARY DISMISSAL OF DEFENDANT TRAVIS CRABTREE AND MOTION FOR DISMISSAL WITH PREJUDICE**<br><br>Hearing Date: January 11, 2019<br>Hearing Time: 9:00 a.m.<br>Courtroom: 7<br>Before: Hon. Maxine M. Chesney |

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 | Fax: 213.896.2450

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 11, 2019 at 9:00 am, or as soon thereafter as this matter may be heard, in Courtroom 7 of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave, San Francisco, California, Trademark Engine, LLC ("Defendant") will, and hereby does, move to strike Plaintiff's Notice of Voluntary Dismissal of Defendant Travis Crabtree. (Dkt. 115.) This motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the pleadings and papers on file in this matter; and such other matters as may be presented to the Court at the hearing.

**STATEMENT OF RELIEF SOUGHT**

Defendant moves to strike Plaintiff's Notice of Voluntary Dismissal of Defendant Travis Crabtree (dkt. 115), and seeks an order of this Court dismissing Defendant Travis Crabtree with prejudice.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 | Fax: 213.896.2450

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On October 31, 2018, this Court entered an Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Second Amended Complaint ("SAC"); Affording Plaintiff Leave to Amend. (Dkt. 114.) This Court ordered all causes of action against Defendant Travis Crabtree ("Crabtree") dismissed, with leave to amend. (*Id.* at 5, 12, 14, 16, 17, 18-19.) Plaintiff LegalForce RAPC Worldwide, P.C. ("Plaintiff") was provided until November 16, 2018, to amend its SAC. (*Id.* at 19.) Plaintiff failed to amend its SAC by that date. On November 29, 2018, nearly two weeks after the deadline to amend imposed by this Court had passed, Plaintiff filed a "Notice of Voluntary Dismissal of [Crabtree]." (Dkt. 115.) In its "Notice" Plaintiff stated: "Pursuant to an order of this Court (Dkt. 114), plaintiff . . . seeks to dismiss . . . Crabtree from this action **without prejudice** . . . Dismissal of the defendant herein shall be only without prejudice with each side bearing its own costs and fees." (emphasis added) (Dkt. 115 at 2.)

Permitting Plaintiff to re-file its causes of action against Crabtree at some undefined later date by granting its dismissal "without prejudice" will work significant prejudice to Crabtree's legal interests and disrupt the Court's inherent ability to control this case. Plaintiff's failure to amend its SAC by the deadline provided by this Court (or notify this Court of its intent not to amend) should result in a Federal Civil Rule 41(b) dismissal ***with prejudice***. This Court already dismissed and denied Plaintiff leave to amend certain causes of action (and claims).[1] Allowing Plaintiff to voluntary dismiss Mr. Crabtree now, will vitiate this Court's Order. *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (affirming "a motion to dismiss with prejudice, *i.e.*, without leave to amend").

Defendant accordingly requests that this Court strike Plaintiff's Notice at Dkt. 115 and enter the proposed order appended hereto, dismissing Crabtree with prejudice.

---

[1] "The First Claim for Relief is hereby DISMISSED without leave to amend; The Second Claim for Relief, to the extent based on [Defendants'] use of the word "professional," is hereby DISMISSED without leave to amend[.] (Dkt. 114 at 18-19.);

## II. **LEGAL STANDARD**

Federal Civil Rule 12(f) provides that, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." A matter is immaterial if it "has no essential or important relationship to the [remaining] claim[s] for relief or the defenses being pleaded." *See Haynish v. Bank of Am., N.A.*, 284 F. Supp. 3d 1037, 1053 (N.D. Cal. 2018) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

District courts have wide discretion to grant dismissals with or without prejudice. *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir. 1982) ("[We have] long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court, and its order will not be reversed unless the District Court has abused its discretion."). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). Legal prejudice is prejudice to "some legal interest, some legal claim, [or] some legal argument." *Id.* at 97. A district court may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling. *See Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988).

Federal Civil Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it . . . a dismissal under this subdivision (b). . . operates as an adjudication on the merits." The Ninth Circuit addressed how district courts should proceed if a plaintiff fails to amend, but is given the opportunity to do so. In *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, (9th Cir. 2004) the Court stated:

> We believe that . . . [when] plaintiffs [are] given the opportunity to amend or be dismissed, [and instead do] *nothing* . . . resources continue to be consumed by a case sitting idly on the court's docket. The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal.

*Id.* (emphasis in original); *see also Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017):

## III. ARGUMENT

First, given the expiration of the deadline this Court provided to Plaintiff to afford it leave to amend, Plaintiff's "Notice of Voluntary Dismissal of [Crabtree]" "has no essential or important relationship to the [remaining] claim[s] for relief or the defenses being pleaded" in this case. *See Haynish*, 284 F. Supp. 3d at 1053. As such, it is properly the subject of a motion to strike.

Second, granting the current Motion to Dismiss Crabtree with Prejudice is warranted on these facts. Defendant will suffer legal prejudice as a result of a dismissal without prejudice: namely, Plaintiff, a serial litigant in a grudge match against competitors, will be free to file new allegations on the same purported "facts," transactions or course of contact against Crabtree. Plaintiff should not be permitted a renewed bite at the apple at some later date.[2] Precedent in this Circuit permits this Court to enter a Rule 41(b) dismissal where Plaintiff fails to amend its complaint by the deadline or indicate to the court that it will not amend by the deadline provided. By failing to notify this Court of its intent not to amend, and failing amend its complaint by the deadline provided, Plaintiff has "fail[ed] to prosecute or to comply with these rules or a court order." This Court should accordingly enter a Rule 41(b) dismissal.

## IV. CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court (1) strike Plaintiff's Notice at Dkt. 115, and (2) enter the order appended hereto, which dismisses Crabtree from this action with prejudice.

Dated: December 3, 2018,  
Respectfully submitted,  
HOLLAND & KNIGHT LLP

/s/ Nicholas Melzer  
Nicholas Melzer  
Attorneys for Defendant  
*Trademark Engine, LLC*

---

[2] This Court may control its docket. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (1992) (dismissal for failure to comply with an order requiring amendment of complaint). Here, a voluntary dismissal would simply allow Plaintiff to escape this Court's docket and re-file before another court.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 | Fax: 213.896.2450