

June 10, 2019

The Honorable Elizabeth D. Laporte
Courtroom E, 15th Floor
United States District Court
450 Golden Gate Ave
San Francisco, CA 94102

Re:  *LegalForce RAPC Worldwide, P.C. v. Trademark Engine LLC*
     **(Case No. 3:17-cv-07303-MMC) – Discovery Dispute**

Dear Judge Laporte:

Plaintiff LegalForce RAPC Worldwide P.C. ("RAPC"), third parties (e.g., LegalForce, Inc., Raj V. Abhyanker, individually and Broker/owner of Entity Nos. C2407598 and C4187989) and ("Third Parties") and Defendant Trademark Engine LLC ("TME") submit this joint letter concerning a discovery dispute over whether TME may take depositions pursuant to issued notices and third-party subpoenas. The parties were unable to resolve the dispute.

## I. RAPC AND THIRD PARTIES' POSITION

RAPC and Third Parties object to having to be deposed on separate days given that they are all efforts to depose Mr. Abhyanker on multiple, separate days.   Specifically, it is unreasonable for Mr. Abhyanker to be subjected to deposition for three days.  Deposing one individual for 3 full days (21 hours) in one litigation is apparently a litigation tactic to harass the opposing party.

While TME is correct that the depositions it seeks are of separate companies and Mr. Abhyanker personally, TME ignores the fact that these are all closely held small businesses principally owned by Mr. Abhyanker.  For example :

> **1. 6/12/2019: Deposition of LegalForce Inc.**

RAJ:  Mr. Abhyanker owns the majority of this entity and is its Chief Executive Officer.  The business has only about 10 employees.  Therefore, Mr. Abhyanker is the only corporate designee most knowledgeable.

> **2. 7/17/2019: Deposition of Everest Clay Realtors, Inc. (Entity No. C2407598). The subpoena was served on 5/15/2019.**

RAJ:  This business has no employees.    This business is not operating anymore, and has had no revenue for the past five years.   It is a real estate brokerage started by Mr. Abhyanker and Mr.

5

Abhyanker is the only licensed broker associated with this business.   Therefore, Mr. Abhyanker is the only corporate designee most knowledgeable.

> 3. **7/18/2019: Deposition of Everest Clay Realtors, Inc. (Entity No. C4187989). The subpoena was served 5/15/2019.**

RAJ:  This business has no employees.   This business is not operating anymore, and has had no revenue for the past five years.   It is a real estate brokerage started by Mr. Abhyanker and Mr. Abhyanker is the only licensed broker for the business.   Therefore, Mr. Abhyanker is the only corporate designee most knowledgeable.

> 4. **7/18/2019: Deposition of RAPC. The notice was served on 5/20/2019.**

RAJ:  This is Mr. Abhyanker's law firm and is the plaintiff in this case.  There are no other owners of RAPC other than Mr. Abhyanker.  Therefore, Mr. Abhyanker is the only corporate designee most knowledgeable.

> 5. **9/6/2019: Deposition of Raj Abhyanker. The notice was served on 5/20/2019.**

RAJ:  If different days for depositions for each of the above is not enough, TME wants to also depose Mr. Abhyanker in his personal capacity.

Mr. Abhyanker is willing to be deposed for one (1) full day collectively at most for both as a corporate officer of RAPC and on behalf of himself and his separate closely held businesses ("Third Parties").   TME is free to schedule a deposition of RAPC's expert witness when appropriately designated (e.g., will not be Mr. Abhyanker).  In summary, TME does not need more discovery than one full day of Mr. Abhyanker given the limited issues remaining in this case, and given it has not made a clear showing of why all of its questions cannot be asked and answered in one full day of both RAPC and Third Parties.

For this reason, RAPC and Third Parties believe that TME's request for more than a single day of deposition is unreasonable as it is in fact asking the court to grant Mr. Abhyanker to be deposed for three full days given he is the sole owner or substantially owner businesses as "Third Parties."  TME's naked attempts to color a different narrative is transparently disingenuous, harassing, and solely designed to increase the costs of this litigation.   Therefore, RAPC and Third Parties ask that TME limit its deposition in this case to just one full day of Mr. Abhyanker on behalf of RAPC and all Third Parties collectively.

**II.    TRADEMARK ENGINE'S POSITION**

> **A.    TME's Rule 30(b)(6) Depositions**

Plaintiff's stated position is misleading. TME has not sought to depose "one individual for 3 full days[.]"  Rather, TME seeks only a single day of testimony from Mr. Abhyanker, as an individual who is a primary fact witness and a self-pronounced "expert" in his own case.  Additionally, TME has properly noticed Plaintiff RAPC for a Rule 30(b)(6) deposition,  former plaintiff LegalForce, Inc. for a third-party deposition, and two Everest Clay Realtors entities

named in the SAC for third-party depositions (collectively the five entities are referred to herein as "Movants"). Movants' position is that these separate individual and entity depositions are unduly burdensome because each entity (which Mr. Abhyanker owns and controls) has named Mr. Abhyanker as its corporate designee. Movants' position lacks merit.

As a preliminary matter, Movants lack standing to assert the legal rights of one another. *See Doe v. Rose*, 2016 WL 3197590, at *2 (E.D. Cal. June 6, 2019) ("[a] party to a lawsuit typically has no standing to object to a subpoena directed to a non-party in the absence of a privilege").  Thus, this Court should reject Movants' attempt to limit or prevent these depositions on the basis of standing alone.

Importantly, Movants cannot show injury, causation, and redressability to satisfy this Court's standing requirements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) ("[S]tanding contains three elements. First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.") (internal quotations and citations omitted).

First, Movants claimed injury is multiple depositions of Mr. Abhyanker personally. But each entity will sit for only *one* deposition, its own. In other words, RAPC is not injured by TME's deposition of LegalForce, Inc. or Everest Clay. Second, Movants' so-called injury is not caused by TME's depositions, but rather Mr. Abhyanker's decision to name himself as the corporate representative for each Movant. Thus, Movants' alleged injury is caused by Mr. Abhyanker, not TME. Finally, none of the Movants actually identify what relief they seek. But again, what relief could Movants seek, since each entity is only sitting for a single deposition?

Standing aside, Movants' admit they are not asking that there be no Rule 30(b)(6) depositions of RAPC or third party depositions of LegalForce, Inc. and the Everest Clay entities. Movants do not contend that TME noticed improper topics or that the notices were deficient. Rather, Movants contend that depositions of four entities and one individual, each of whom are expected to provide essential testimony in this litigation, should be limited to a total of two days because it is allegedly an "unreasonable" "litigation tactic" for TME to conduct properly noticed, separate depositions of different entities if those entities, by and through Mr. Abhyanker, choose to designate the same corporate representative.

Movants provide no authority for their position because the authority is inapposite. *Landmark Screens, LLC v. Morgan, Lewis & Brokius LLP*, 2010 WL 3221859, at *2 (N.D.Cal. Aug. 13, 2010) ("It is clear that the fact that a party has already taken depositions of individuals does not insulate a corporation from producing the same individuals as corporate representatives to give Rule 30(b)(6) depositions on the same topics"); *Big Baboon Corp. v. Dell, Inc.*, 2010 WL 11459800, at *2 (C.D. Cal. Aug. 23, 2010) (same); *See Mitchell Engineering v. City and County of San Francisco*, 2010 WL 455290, at *1 (N.D. Cal. February 2, 2010) ("A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A

30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity.")

Here, depositions of each entity are necessary for TME to inquire into facts underlying RAPC's allegations and the defenses at issues. For example, in SAC ¶¶44(a)-(b) and 46(a), Plaintiff alleges specific facts involving Everest Clay Realtors that it contends show that TME engaged in the unauthorized practice of law. Moreover, discovery so far indicates that Mr. Abhyanker and his entities developed the ideas and investigated the alleged facts underlying this case in concert. It is also undisputed that RAPC and LegalForce, Inc. work collectively and interrelatedly to advertise, refer clients, and share expenses—information that is relevant, at a minimum, to Plaintiff's damages allegations and is thus discoverable.

Though TME is entitled under the Rules to depose each entity separately and to depose Mr. Abhyanker individually, it has offered to compromise and depose LegalForce, Inc. and the two Everest Clay entities on the same day. In doing so, TME seeks efficiencies and to reduce cost for all parties. Mr. Abhyanker has rejected this offer, insisting instead on two days of deposition encompassing four corporate entities and Mr. Abhyanker individually, despite the fact that TME is clearly entitled to take a full day of each of them.

Prohibiting TME from deposing each entity and Mr. Abhyanker as the law permits, would allow Plaintiff to hide facts which may be within the exclusive possession of one entity or person and not the other. *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012) ("[W]ith good reason, courts have rejected the argument that a Rule 30(b)(6) deposition is unnecessary or cumulative simply because individual deponents…have already testified about the topics noticed in the Rule 30(b)(6) deposition notice."); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2009 WL 3809815 *3 (Nov. 10, 2009 N.D.Cal.) ("In order to meet the purpose of the Rule, '[i]f a corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, it is its officers, employees, agents or others who must present the position, give reasons for the position, and, *more importantly, stand subject to cross-examination*.'") (emphasis added) citing *United States v. Taylor*, 166 F.R.D. 356, 361 (1996).

Movants' sole basis for refusing to agree to these depositions is the claimed burden on Mr. Abhyanker. It is worth noting that Mr. Abhyanker is not only lead counsel for his own law firm in this case, he is also a self-named key fact witness and "expert." This is not a case in which the deposition time threatens to hamper Movants' ability to operate its business or Mr. Abhyanker's ability to earn a living. There is no claimed burden based on infirmity of Mr. Abhyanker. Each entity is free to designate a corporate representative of its choice. They cannot manufacture burden by choosing to designate Mr. Abhyanker. *Tiki Shark Art Inc. v. CafePress, Inc.*, 2014 WL 3928799, at *5 (D. Haw. Aug. 12, 2014) ("Furthermore, a witness may be deposed in both his individual and corporate capacities."). Regardless, adopting Movants' unsupported request to limit and/or preclude Defendant from taking essential depositions would reward Mr. Abhyanker's gamesmanship and result in permitting him, as lead counsel, key witness, "expert," and competitor business owner, to conceal relevant evidence from proper discovery.

Consequently, this Court should deny Movants' motion and permit the depositions of each Movant to proceed, as permitted by the Rules.

Respectfully submitted,

| **HOLLAND & KNIGHT LLP** | **LEGALFORCE RAPC WORLDWIDE P.C.** |
|---|---|
| /s/_____ <br> Nicholas Melzer <br> Dayna E. Underhill <br> Trademark Engine, LLC | /s/ Raj V. Abhyanker_____ <br> Raj Abhyanker <br> Raj Abhyanker <br> LegalForce RAPC Worldwide P.C. |