UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C.,<br><br>    Plaintiff,<br><br>    v.<br><br>TRADEMARK ENGINE LLC,<br><br>    Defendant. | Case No. 17-cv-07303-MMC (EDL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND NON-PARTIES' MOTION TO QUASH**<br><br>Re: Dkt. No. 142 |

On June 10, 2019, the parties in this false advertising and unfair competition case filed a joint letter brief regarding several upcoming, noticed depositions in this matter, including one scheduled for June 12, 2019. These depositions consist of both parties and non-parties. It appears that the non-parties, who are closely affiliated with Plaintiff's CEO, also seek relief from the upcoming depositions through the letter brief. For the reasons set forth below, the Court denies the request for relief from Defendant's depositions noticed under Rules 30 and 45.

Defendant has noticed five depositions in this matter to occur between June and September 2019. Two depositions are Rule 30(b)(6) depositions of LegalForce Inc. and RAPC. One deposition is a Rule 30(a)(1) deposition of the Chief Executive Officer ("CEO") (who also is lead counsel for Plaintiff in this case). There also are two depositions noticed for two non-party real estate brokerage firms that Plaintiff's CEO established, but are no longer in operation. Plaintiff's CEO will be the witness for each of these noticed depositions.

The non-parties (who are not properly before this Court and appear not to have complied with the objection, motion, or timing requirements in Fed. R. Civ. P. 45(d), and thereby waived their objections to the subpoenas) and Plaintiff request relief from attendance at these separately noticed depositions because Plaintiff's CEO will be examined in each of the five depositions.

Plaintiff argues that, Defendant "does not need more discovery than one full day of [the CEO] given the limited issues remaining in this case, and given that [Defendant] has not made a clear showing of why all of its questions cannot be asked and answered in one full day of both RAPC and [the real estate brokerage firms]." Joint Letter at 2.  Plaintiff further argues that requiring more than one day of deposition testimony of its CEO is unreasonable and that it reflects Defendant's alleged "naked attempts to color a different narrative [that] is transparently disingenuous, harassing, and solely designed to increase the costs of this litigation." Id.  Plaintiff provides no evidentiary or other support for this serious, and regrettably sharply worded, allegation regarding Defendant's motives for obtaining discovery.  This maneuver appears to be inconsistent with the duties of professionalism set forth in this district's Guidelines for Professional Conduct (https://cand.uscourts.gov/professional_conduct_guidelines).

Defendant argues that it "is entitled under the Rules to depose each entity separately and to depose [Plaintiff's CEO] individually. . . ." Id. at 4.  The Rules and caselaw cited in Defendant's portion of the letter brief support its position that the Federal Rules allow Defendant to obtain this discovery from Plaintiff.  Notwithstanding, Defendant offered a compromise to Plaintiff whereby Defendant will depose LegalForce, Inc. and the two non-party real estate brokerage firms on the same day in an effort to obtain efficiencies and reduce the costs for all parties.  Id.  Plaintiff has rejected this compromise.  Id.

Based on the joint letter brief, as well as Federal Rules of Civil Procedure 26, 30, and 45, the Defendant has properly noticed depositions of four entities and one individual, and Defendant is entitled to obtain this discovery under the Rules.  As a show of good faith and reasonableness, Defendant has offered to accommodate Plaintiff's CEO's schedule by mitigating the number of hours and possibly days that he will need to testify in these depositions.  The Court finds that this proposed compromise is a reasonable one.  Of course, Defendant should not needlessly prolong the depositions, but the Court has no basis to assume that it will.  Accordingly, the Court DENIES Plaintiff's and non-parties' motion for relief from the depositions.

**IT IS SO ORDERED.**

Dated: June 13, 2019

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge