# Holland & Knight

August 6, 2019

The Honorable Elizabeth D. Laporte
Courtroom E, 15th Floor
450 Golden Gate Ave
San Francisco, CA 94102

   *Re:* *LegalForce RAPC Worldwide, P.C., et al. v. Trademark Engine, LLC, et al. (Case No. 3:17-cv-7303-MMC)*

Dear Judge Laporte:

Defendant Trademark Engine, LLC ("TME") and Plaintiff LegalForce RAPC Worldwide P.C. ("RAPC") submit this joint letter concerning whether RAPC has waived attorney client privilege, and must provide discovery, in light of its voluntary written disclosure in a federal court filing of the nature and substance of its communications with, and legal advice received from, three attorneys. *LegalForce, RAPC Worldwide, P.C. et al. v. LegalZoom.com, Inc. et al.*, 3:17-cv-7194 (Dkt. No. 1, December 19, 2017) (Complaint, attached as Exhibit 1, at ¶ 78 & fn 21-23) ("LegalZoom Case").  Despite their efforts, the parties were unable to resolve their dispute.

**I. TME's POSITION:** TME moves this Court: (i) to compel RAPC to produce relevant documents and communications in response to TME's March 27, 2019 Request for Production ("RFP") No. 57, attached as Exhibit 2; (ii) to compel RAPC to respond to TME's July 19, 2019 Interrogatory ("ROG") No. 25, attached as Exhibit 3, requesting that RAPC explain and describe the communications; and (iii) enter a finding that, by voluntarily disclosing in a public pleading the legal advice it received from counsel, RAPC waived privilege with regard to the attorney-client communications that are the subject of Defendant's third-party subpoenas, attached as Exhibit 4 ("Subpoenas") directed to the three attorneys, Linda Shely, Michael McCabe, and Hinshaw & Culbertson LLP (Hon. Wendy Wen Yun Chang's former law firm).

RAPC has: (i) failed to respond to RFP No. 57 on privilege grounds, see attached Exhibit 5 (RFP, Response, Supplemental Response); (ii) stated that it will object to ROG No. 25, "by August 19, and not sooner," see attached Exhibit 6 (email); and (iii) confirmed by email that it "hereby object[s] on privilege grounds" to the Subpoenas, see attached Exhibit 7 (email).  On July 21 and July 22, 2019, Linda Shely and Michael McCabe objected to the Subpoenas asserting the attorney-client privilege on RAPC's behalf, attached collectively as Exhibit 8.

RAPC's claims against TME and against LegalZoom in a related case are substantially similar. Paragraph ¶ 78 of RAPC's LegalZoom Case complaint mirrors the allegations of the Unfair Competition/unauthorized practice of law claim against TME in this case.  *Compare* LegalZoom Case Dkt. No. 1 at ¶ 78 *with* the present case at Dkt. 107 (SAC) ¶¶ 29-30, 32.

RAPC's LegalZoom complaint contains the following allegations which reveal the nature and substance of RAPC's communications with its attorneys:

August 6, 2019
Page 2

> Plaintiffs have sought and received ethics counsel from highly respected USPTO ethics counsel, California ethics counsel, and Arizona ethics counsel informing them they cannot adopt the LegalZoom's "peace of mind" trademark filing service and trademark model of LegalZoom including but not limited to (1) modifying goods and services, (2) selecting trademark classification, (3) paying government fees, (4) signing off rights of privacy, and (5) disclaiming copyrights, and/or (6) signing trademark forms at the USPTO on behalf of end users without conducting conflict checks and without having attorney review and sign off, without risking violations of unauthorized practice of law rules and laws of the USPTO, the State Bar of California, the State Bar of Arizona, and the State Bar of Texas. Moreover, outside counsel has informed Plaintiffs that the State Bar of California and the USPTO will not likely to provide guidance in advance of changing operating models.

Exh. 1 at ¶ 78 (internal footnotes with counsel names omitted). Because the conduct alleged in the LegalZoom complaint is nearly identical to that alleged against TME, and because the alleged advice RAPC disclosed is relevant to TME's defenses, TME has sought discovery into the disclosed "advice" that RAPC received from its attorneys. RAPC has refused to produce it on privilege grounds.

Because the nature of the allegations against LegalZoom and TME are the same, the advice RAPC received from counsel informing RAPC that it cannot undertake the actions it alleges TME wrongly engages in "without risking violations of unauthorized practice of law rules and laws of the USPTO, the State Bar of California, the State Bar of Arizona, and the State Bar of Texas"—is relevant to this case. For example, following this Court's order on TME's motion to dismiss RAPC's SAC, RAPC is limited to seeking injunctive relief "precluding TME from engaging in the unauthorized practice of law[.]" (Dkt. No. 114 at 17.) An injunction triggers equitable affirmative defenses, among them, unclean hands. Here, the limited discovery RAPC has produced reveals that RAPC sought the advice of "highly respected USPTO ethics counsel[,] California ethics counsel, and Arizona ethics counsel" because it too engaged, and continues to engage, in actions it claims constitute UPL by TME. In short, TME requires this information to defend against RAPC's UPL allegations, which threaten the existence of its business.

That RAPC's disclosure took place in another proceeding is irrelevant to the privilege waiver analysis. *See Layer2 Commc'ns Inc v. Flexera Software LLC*, 2014 WL 2536993, at *7 (N.D. Cal. June 5, 2014) ("California law is clear that 'failure to claim the privilege in any proceeding in which the holder has the legal standing and opportunity to claim the privilege,' is a consent to disclosure that waives [the] right to claim the privilege.") (emphasis added), *quoting* Cal. Evid. Code § 912; *see also* Restatement (Third) of the Law Governing Lawyers § 79, Comment i. (2000) ("Waiver ordinarily extends to the litigation in or in anticipation of which a disclosure was made and future proceedings as well, whether or not related to the original proceeding.").

Given its relevance and RAPC's detailed, intentional, public disclosure of the nature and substance of the relevant advice it received, RAPC's attorney-client privilege over that advice has been

August 6, 2019
Page 3

waived. Waiver of attorney-client privilege is governed by Cal. Evid. Code § 912, which states that privilege:

> is waived with respect to a communication protected by the privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to disclosure made by anyone. Consent to disclosure is manifested by any statement or other conduct of the holder of the privilege indicating consent to the disclosure, including failure to claim the privilege in any proceeding in which the holder has legal standing and the opportunity to claim the privilege.

For purposes of determining what constitutes a "significant part" of a communication, the details of the underlying communications are not required; what is required is merely that an important part of the communication is disclosed:

> [T]he absence of the details of the reasoning that accompanied counsel's advice does not compel the conclusion that not enough substance was disclosed to support a finding of waiver. I know of no precedents that hold that all of a communication between attorney and client must be disclosed before a waiver occurs, and it makes no sense to hold that no waiver occurs when what is disclosed is the most important part of the privileged communication, but not the details. ***A sophisticated, well-counseled party who intentionally discloses an important part of an otherwise privileged communication acts in a manner that is thoroughly inconsistent with preserving the confidentiality of that communication.*** Stated somewhat differently, a sophisticated party who intentionally discloses the most significant part of an otherwise privileged communication, in an act calculated to advance that party's commercial interests, cannot establish, as the law would require, that the party reasonably believed that it would be able to preserve the confidentiality of the other parts of that communication.

*Electro Sci. Indus., Inc. v. Gen. Scanning, Inc.*, 175 F.R.D. 539, 543 (N.D. Cal. 1997) (emphasis added).[1] The scope of such a waiver includes not only the full contents of the disclosed communication(s), but also related communications on the same subject matter. *See Sony Computer Entm't Am., Inc. v. Great Am. Ins. Co.*, 229 F.R.D. 632, 635 (N.D. Cal. 2005); *see also* Restatement (Third) of the Law Governing Lawyers § 79, Comment f. (2000).

Because the law of waiver thoroughly supports TME's position concerning RAPC's waiver of attorney-client privilege over the disclosed communications, TME respectfully urges this Court to grant it the relief outlined above.

## II. RAPC's POSITION:

RAPC objects to TME's second contention above (ROG No. 25) for the obvious reason that the request is premature, as RAPC is only required by the Rules to respond to the interrogatory on August 19. Furthermore, RAPC objects to all TME's requests for the following five reasons.

---

[1] TME agrees that California state privilege law applies and, contrary to RAPC's contrary assertion herein, TME cites California federal cases which analyze and hold accordingly. *See, Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.,* 2018 WL 3455806, at *1 (N.D. Cal. July 18, 2018)(citing *Electro Scientific Industries* with approval).

August 6, 2019
Page 4

*First*, TME's discovery requests will not lead to any admissible evidence to support its unclean hands defense. It was clear from ¶ 78 of Exh. 1 that RAPC merely presented a hypothetical question to the ethics counsel, i.e., whether RAPC could potentially adopt LegalZoom's "peace of mind" service without violating the relevant laws and rules. The advice from counsel also made clear that the state bar and the USPTO will likely not provide guidance "*in advance of* changing operating models." Exh. 1 at ¶ 78 (emphasis added). Thus, at the time of seeking the advice, RAPC had not actually changed its operating model to "peace of mind" and subsequently sought advice from counsel on whether the change made was proper. Instead, the advices were sought merely as a thought experiment. To raise an unclean hands defense, TME must prove by preponderance of evidence the *facts already happened*, not once upon a time an idea of it has come to someone's mind. Certainly, there is no "unclean mind" defense. Therefore, TME's discovery requests on privileged communications will not lead to any admissible evidence to support its purported defense.

*Second*, TME's discovery requests are improper because they impermissibly seek documents protected by the attorney work product doctrine. *See* Fed. R. Civ. P. 26(b)(3) ("a party may not discover documents [] that are prepared in anticipation of litigation ..."). The requests expressly demand production of all documents related to the "receipt of ethics advice" from the ethics counsel. The documents sought reflect counsel's mental impressions, conclusions, opinions or theories and were prepared reasonably in anticipation of possible litigation between RAPC and LegalZoom. *See* Exh. 8 at 5-6.

*Third*, this discovery dispute on attorney-client privilege is governed by California state law, not federal law. "Under Federal Rule of Evidence 501, federal common law generally governs claims of privilege. 'But in a civil case, state law governs privilege regarding *a claim or defense* for which state law supplies the rule of decision.'" *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014) (citing Fed. R. Evid. 501) (emphasis in the original).

Here, the attorney-client privilege was asserted on the basis of legal advice received with respect to whether certain activities constitute the violation of unauthorized practice of law, which is an allegation in the SAC under the unlawful prong of California UCL. *See* Dkt. 114 at 14 ("to the extent RAPC's § 17200 claim is based on the alleged unauthorized practice of law, the claim, as alleged against TME, is not subject to dismissal[.]"). Therefore, this discovery dispute should be governed by California state privilege laws. For this reason, the *Electro Sci. Indus* case cited by TME is inapposite, as the privilege there was asserted on legal advice received with respect to patent infringement, a federal claim. *See id.* at 539 ("… offer legal advice to GSI about the ESI patents in suit"). In addition, citation to the Restatement is inappropriate, unless the Restatement has already been adopted by California.

*Fourth*, the disclosure of the attorney-client communication in ¶ 78 of the complaint of LegalZoom case is far from being a "significant part" of the communication to constitute a waiver.

August 6, 2019
Page 5

The answer to the question of waiver turns on the "determination of whether [the disclosures] were wide enough in scope and deep enough in substance to constitute 'a significant part of the communication.'" *Mitchell v. Superior Court*, 37 Cal. 3d 591, 602–03 (1984). In *Mitchell*, the California Supreme Court reviewed an appellate court case, *Travelers Ins. Companies v. Superior Court*, 143 Cal. App. 3d 436 (1st Dist. 1983). The plaintiff in *Travelers* served RFP to seek the "entire claims file" on malpractice. *See Mitchell*, 37 Cal. 3d 602. The court found that there was no waiver because the disclosures "had not reached the point of substantial disclosure", were at most "preliminary and foundational" and "did not provide the specifics" of the communication. *Id.* at 602-03.

Additionally, in *Mitchell* the court found that plaintiff's disclosure "*at most* affirmed that she had discussed certain warnings with her attorneys, and in no way revealed a significant part of the substance of those discussions." *Id.* at 602 (emphasis in the original). The court opines that "significant part of the communication" would require "considerably more depth and specificity" than the "mere acknowledgment of the fact that she had discussed warnings about DBCP with her attorney." *Id.* at 603.

Here, TME seeks the entire documents and communication between RAPC and its counsel based on waiver. *See* Exh. 5 (RFP No. 57). However, in ¶ 78 of LegalZoom's complaint RAPC merely disclosed that certain legal advices were sought from ethics counsel, who warned RAPC that conducting certain activities may risk violations of UPL. RAPC did not disclose any specifics of the detailed communication with counsel, e.g., any specific facts and questions presented to the counsel, any legal authorities and reasoning relied by the counsel, the degree of risk of the violations or how to avoid the risks.[2] Therefore, the disclosure was at most preliminary and foundational. It is certainly not "wide enough in scope" and "deep enough in substance". In fact, the disclosure had "no depth" at all. Under California law it cannot constitute a significant part of the communication to justify a waiver.

*Fifth*, under California law the attorney-client privilege "covers the transmission of documents which are available to the public." *Mitchell*, 37 Cal. 3d 600. Thus, the privilege is not waived simply because the disclosure is a public document. Accordingly, any argument raised by TME above with respect to the nature of the disclosure being "public" is misplaced and should be disregarded.

"The attorney-client privilege has been a hallmark of Anglo-American jurisprudence for almost 400 years." *Id.* at 599. "[T]he fundamental purpose behind the privilege is to safeguard the confidential relationship between clients and their attorneys so as to promote full and open discussion of the facts and tactics surrounding individual legal matters." *Id.* For this and all the above reasons, RAPC respectfully requests this Court to deny TME's relief and uphold the privileges asserted by RAPC.

---

[2] The statement is presented here merely for the sake of argument. RAPC is not disclosing any details of the communication between RAPC and counsel.

August 6, 2019
Page 6

| HOLLAND & KNIGHT LLP | LEGALFORCE RAPC WORLDWIDE P.C. |
|---|---|
| */s/ Dayna E. Underhill* | */s/ Raj Abhyanker* |
| _____ | _____ |
| Dayna E. Underhill | Raj Abhyanker |
| Attorney for Defendant | Attorneys for Plaintiff |
| Trademark Engine LLC | LegalForce RAPC Worldwide P.C. |